505 A.2d 1050

William Bennett, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs January 9, 1986, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Frederick I. Huganir,* Assistant Public Defender, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, March 4, 1986:

William Bennett petitions for review of an order of the Pennsylvania Board of Probation and Parole denying him administrative relief from a board recommitment order. The board revoked the petitioner's parole as both a technical and new conviction violator under section 21.1 of the Pennsylvania Board

of Parole Act,[1] returning the petitioner to prison to serve one year, three months and five days on backtime.

On January 24, 1984, the board had granted the petitioner parole from a seven-month-to-two-year sentence which he had been serving for an indecent assault conviction. Two conditions of the petitioner's parole were that he was to participate in psychological/psychiatric and alcohol therapy, and that he was to refrain from consuming alcohol.

Upon his release on parole, the petitioner participated in Teen Challenge, an in-patient alcohol counseling program. The petitioner did well in that program until Teen Challenge dismissed him on July 1, 1984, for making sexual overtures to two young female children visiting the center. The petitioner returned to his mother's residence in Jersey Shore, Pennsylvania, but failed to participate in any type of required counseling.

On September 9, 1984, the Jersey Shore Police arrested the petitioner and charged him with two counts of open lewdness and two counts of indecent exposure. After entering a plea of nole contendere to all charges, the Court of Common Pleas of Lycoming County sentenced the petitioner to two years of probation with the stipulation that he continue participation in the Lycoming County Sex Offender Program, which he had begun upon his incarceration in September, 1984. The technical and new conviction violations ensued.

The issue is whether section 21.1 of the Parole Act permits the board's order recommitting the petitioner for both technical and new conviction violations.

The Supreme Court recently held in *Rivenbark v. Board of Probation and Parole,* 509 Pa. 248, 255, 501

---

[1] Section 21.1 of the Act of August 6, 1941, P.L. 861, added by Section 5 of the Act of August 24, 1951, *as amended,* 61 P.S. §331.21a.

A.2d 1110, 1114 (1985), that, "a parolee may not be recommitted as a technical violator based upon an act constituting a new crime of which he is convicted." In *Rivenbark,* the petitioner's new conviction was a violation of federal firearms law. The board recommitted that petitioner for the new conviction violation and added additional backtime for the technical parole violation of possessing a firearm. The Supreme Court determined that the language of section 21.1 prohibited the board from recommitting the petitioner to separate terms of backtime "as both a convicted parole violator and a technical parole violator *if the technical violation is based upon the same act as is the conviction supporting the conviction violation." Rivenbark,* 509 Pa. at 251, 501 A.2d at 1111 (emphasis added).

Here the technical parole violations were: (1) failing to participate in psychological/psychiatric and alcohol therapy and (2) consuming alcohol. The new conviction violations were open lewdness and indecent exposure. Because the technical violations involved acts wholly distinct from those supporting the conviction violations, *Rivenbark* does not apply.

Moreover, although the petitioner also asserts a constitutional double jeopardy argument, the Supreme Court reaffirmed this court's holdings on that issue by stating "that such recommitments are not violative of double jeopardy." *Rivenbark,* 509 Pa. at 253, 501 A.2d at 1113.

Finally, the petitioner asserts that he is entitled to parole credit for time spent in the Teen Challenge program because he was not, in the language of section 21.1, "at liberty on parole."

The Supreme Court recently remanded a case to the parole board to determine whether the petitioner's in-patient rehabilitation program was "so restrictive that he should get credit for time spent in it." *Cox*

*v. Board of Probation and Parole,* 507 Pa. 614, 616, 493 A.2d 680, 681 (1985). The focus was whether the petitioner's mandated therapy program was the equivalent of incarceration. The Supreme Court determined that a remand was necessary because the record was insufficient for review of that issue.

In *Cox,* the petitioner's parole included a condition mandating that he enter a particular in-patient program. Here, the petitioner's parole condition was that he participate in psychiatric/psychological and alcohol therapy. The petitioner acknowledged that he made the election to enter the Teen Challenge program. Moreover, once Teen Challenge dismissed him, the conditions of his parole permitted him to live at home as long as he continued therapy. Because the petitioner here was allowed to choose his therapy, including a choice between in-patient and out-patient therapy, the scope of restrictions in the Teen Challenge program—his own selection—has no materiality.

Accordingly, we affirm the decision of the board.

### ORDER

Now, March 4, 1986, the order of the Pennsylvania Board of Probation and Parole at Parole No. 6700-R, dated August 9, 1985, denying administrative relief to William Bennett, is affirmed.