518 A.2d 327

Michael Threats, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs September 2, 1986, before Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Robert B. Stewart, III*, Chief Public Defender of Huntingdon County, for petitioner.

*Arthur R. Thomas*, Assistant Chief Counsel, with him, *Robert A. Greevy*, Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, November 28, 1986:

Recommitted parolee Michael Threats appeals the Pennsylvania Board of Probation and Parole's January 28, 1986 denial of his request for administrative relief from the board's order, recorded on May 30, 1985, recommitting him as a technical and convicted parole violator to serve a term of unexpired backtime.

Mr. Threats presently raises two issues through which he contends that the board erred in denying ad-

ministrative relief. However, this court notes that Mr. Threats did not request that relief until January 16, 1986, over seven months after the board's recommitment decision.

37 Pa. Code §71.5(h) provides:

When any errors under this chapter are alleged subsequent to the board's order, the parolee, by his attorney unless he is unrepresented, may apply to the Board within 30 days of the entry of the order for appropiate review and relief. Such application shall set forth specifically the factual and legal basis for the allegations.

Despite that mandate, the board, upon receiving Mr. Threats' request for administrative relief, addressed Mr. Threats' single request "that the Board review the technical violation for carrying a weapon in the light of the recent *Rivenbark* ruling since the weapon was a part of the new charge." The board denied relief, and Mr. Threats, through counsel, then timely appealed to this court.

The first question we must address is whether the board possessed the jurisdiction to address the merits of Mr. Threats' request approximately 200 days after the expiration of the thirty-day period to request administrative relief under 37 Pa. Code §71.5(h).

Although the board could not address a request for administrative relief after thirty days from the date of its original order, it may address a request for reconsideration beyond thirty days. We therefore construe Mr. Threats' January 16 letter as such a request. The decision to grant or deny a request for reconsideration is a matter of administrative discretion and this court is empowered to reverse only for an abuse of that discretion. *Southwest Pennsylvania Natural Resources, Inc. v. Department of Environmental Resources*, 77 Pa. Commonwealth Ct. 114, 465 A.2d 108 (1983).

The Pennsylvania Supreme Court issued its decision in *Rivenbark v. Pennsylvania Board of Probation and Parole,* 509 Pa. 248, 501 A.2d 1110 (1985), on December 10, 1985. That decision had potential applicability to the computation of Mr. Threats' backtime because he was recommitted as a technical parole violator and as a convicted parole violator. The propriety of the board's decision to consider Mr. Threats' *Rivenbark* argument is further enforced by this court's recent decision in *Brewer v. Pennsylvania Board of Probation and Parole,* 96 Pa. Commonwealth Ct. 423, 507 A.2d 934 (1986), in which we concluded that *Rivenbark* must be given retrospective effect. Accordingly, the board did not abuse its discretion in granting Mr. Threats' request for reconsideration.

In this appeal, Mr. Threats also contends that the record does not contain a sufficient factual basis to support the board's finding that Mr. Threats committed several technical violations of his parole. However, because Mr. Threats did not raise that issue before the board, Pa. R.A.P. 1551 precludes us from addressing that issue now. *See Prough v. Pennsylvania Board of Probation and Parole,* 78 Pa. Commonwealth Ct. 606, 467 A.2d 1234 (1983).

We now turn to the merits of this appeal.

The board's order, recorded on May 30, 1985, recommitted Mr. Threats as a technical and convicted parole violator to serve a term of backtime of one year, six months, and twenty-six days. Mr. Threats' technical violations included: violation of condition (2),[1] changing residence without permission; violation of condition (3)(i), failing to report as instructed; violation of condition (3)(ii), failing to notify agent within seventy-two hours of any arrest; and violation of condition (5)(ii),

---

[1] 37 Pa. Code §63.4(2).

which is the subject of this appeal, possessing a weapon, which Mr. Threats violated by possessing a knife.

The board based Mr. Threats' recommitment as a convicted parole violator upon his convictions, in the Court of Common Pleas of Philadelphia County, on two counts of robbery, and upon his guilty pleas to two other counts of robbery.

Mr. Threats here contends that, because he committed robbery by holding the victims at knifepoint, possession of that weapon was a part of the crime of which he was convicted. Citing *Rivenbark v. Pennsylvania Board of Probation and Parole,* 509 Pa. 248, 501 A.2d 1110 (1985), he argues that the board therefore could recommit him as a convicted parole violator but not as a technical violator based upon the possession of a knife.[2]

In *Rivenbark,* the board had recommitted the parolee as a technical parole violator for possessing a weapon, and as a convicted parole violator for his conviction on federal charges for possessing a firearm.

The Supreme Court concluded that section 21.1a of the Pennsylvania Board of Parole Act[3] "expresses the

---

[2] In *Brewer v. Pennsylvania Board of Probation and Parole,* 96 Pa. Commonwealth Ct. 423, 507 A.2d 934 (1986), this court concluded that the board had violated the mandate of *Rivenbark* by recommitting as a technical parole violator, a parolee who had violated parole condition No. 5B, possession of offensive weapon, by possessing a rifle when the parolee had pled guilty to a charge of Terroristic Threats. We determined that those facts fell within the *Rivenbark* holding because the parolee's use of a weapon *"was part of* the Petitioner's conduct for which he was convicted." 96 Pa. Commonwealth Ct. at 427-28, 507 A.2d at 936. (emphasis added).

[3] Section 21.1a of the Act of August 6, 1941, P.L. 861, *as amended,* added by the Act of August 24, 1951, P.L. 1401, *as amended,* 61 P.S. §331.21a.

That section provides in pertinent part:

(a) Convicted Violators. Any parolee under the jurisdiction of the Pennsylvania Board of Parole released from any pe-

legislature's intent that a parolee may not be recommitted as a technical violator based upon *an act constituting a new crime* of which he is convicted." *Rivenbark,* 509 Pa. at 255, 501 A.2d at 1114. (emphasis added.) The court vacated the technical violation, apparently because Mr. Rivenbark's technical parole violation, the act of possessing a firearm, constituted the same act as the crime of which he was convicted, possession of a firearm.

However, in the present case, unlike in *Rivenbark,* Mr. Threats' technical violation (5)(ii), possessing a weapon, is not coterminous with robbery, the crime of which he was convicted.

The present case is more like *Massey v. Pennsylvania Board of Probation and Parole,* 509 Pa. 256, 501 A.2d 1114 (1985), the companion case to *Rivenbark.*

The board recommitted parolee Massey as a convicted parole violator based upon his convictions of rape and attempted involuntary deviate sexual intercourse,

---

nal institution of the Commonwealth who, during the period of parole or while delinquent on parole, commits any crime punishable by imprisonment, for which he is convicted or found guilty by a judge or jury or to which he pleads guilty or nolo contendere at any time thereafter in a court of record, may, at the discretion of the board, be recommitted as a parole violator. If his recommitment is so ordered, he shall be reentered to serve the remainder of the term which said parolee would have been compelled to serve had he not been paroled, and he shall be given no credit for the time at liberty on parole. . . .

(b) Technical Violators. Any parolee under the jurisdiction of the Pennsylvania Board of Parole released from any penal institution in the Commonwealth who, during the period of parole, violates the terms and conditions of his parole, *other than by the commission of a new crime of which he is convicted or found guilty by a judge or jury or to which he pleads guilty or nolo contendere in a court of record, may be recommitted after hearing before the board.* (emphasis added).

and, from a separate incident, of simple assault, theft by unlawful taking or disposition, and robbery. Simultaneously, the board recommitted Mr. Massey as a technical parole violator for violation of condition (5)(iii) of his parole, failing to refrain from an assaultive behavior.

The Supreme Court stated:

> This recommitment as a technical violator was founded upon two separate breaches of term and condition 5(c). The first was his assault of a store manager after having been caught by the manager and a security guard trying to steal goods from the store. *This assault led to his conviction for simple assault and supplied a necessary element to his robbery conviction.* The second breach of term and condition 5(c) was appellant's assaultive conduct in committing the rape for which he was convicted in May of 1982.
>
> Thus, the record clearly indicates that appellant was recommitted as a technical violator for acts constituting new crimes for which he was convicted. As we held in Rivenbark, such recommitment is beyond the authority which the General Assembly has granted the Board. Id. at 255, 501 A.2d at 1114.

509 Pa. at 258-59, 501 Pa. at 1116 (emphasis added).

Thus, in *Massey,* the technical violation, "failure to refrain from assaultive behavior," was, as in *Rivenbark,* co-extensive with the act constituting the crime embodied in the simple assault conviction; that is, failure to refrain from assaultive behavior and simple assault are coterminous concepts.

Accordingly, in the *Massey* opinion, the Supreme Court stated that the "assault led to his conviction for simple assault. . . ." 509 Pa. at 259, 501 A.2d at 1116.

However, the Supreme Court also added that the assaultive behavior, in addition, "supplied a necessary

element to his robbery conviction." Although robbery necessarily involves more than an assault—a taking of property—so that the two concepts are not coterminous, the fact that the technical violation of assault constituted a simultaneous part of the robbery action apparently led the Supreme Court to conclude that there was a duplication forbidden by the language of section 21.1 of the Parole Act, which negates the imposition of recommitment for a technical violation accomplished "by the commission" of the new crime.

For comparison, we look to *Keough v. Pennsylvania Board of Probation and Parole*, 95 Pa. Commonwealth Ct. 252, 505 A.2d 378 (1986), where this court stated that the board could recommit parolee Keough as both a technical and convicted parole violator where he was convicted for driving under the influence of alcohol, and he violated the special condition of his parole that he refrain from consuming alcohol. We concluded that Mr. Keough's convicted and technical violations did not fall within the *Rivenbark* exception, stating:

> The petitioner's technical violation was the consumption of alcohol; his new crime was that of operating a vehicle while under the influence of alcohol, a different act.

95 Pa. Commonwealth Ct. at 255, 505 A.2d at 380.

Thus, in *Keough*, this court treated the consumption of alcohol as a different act from that of operating a vehicle, apparently because the actual consumption of alcohol, not being simultaneous with the vehicle operation, was indeed a separate act—neither co-extensive with the operation of the vehicle nor simultaneously carried out as a component part of the criminal activity.

Conversely, where the record before the board establishes that the recommitted parolee violated a technical parole condition independently, and separately in time, from the commission of the crime, backtime based upon that technical violation would be warranted.

The record in the present case is not clear as to whether the board recommitted Mr. Threats for any knife-carrying technical violation separate from robberies at knifepoint, of which he may have been convicted.[4]

Therefore, to the extent that the technical violation of weapon possession constituted a necessary element or component of a crime, even though one act was not co-extensive with the other, the technical violation would have been accomplished "by the commission" of the crime and therefore, under *Rivenbark*, could not supply a basis for an independent recommitment.

## ORDER

NOW, November 28, 1986, the decision of the Pennsylvania Board of Probation and Parole dated January 28, 1986 is vacated and remanded so that the board may determine the backtime which Mr. Threats must serve based upon his recommitment as a convicted violator and as a technical violator, exclusive of those technical violations based upon weapon possession during the commission of robbery.

Jurisdiction relinquished.

---

[4] The record suggests that, at least one of the four weapon possession technical violations did in fact occur within the commission of robbery. The board's Notice of Charges and Hearing, dated March 28, 1985, specifies that Mr. Threats committed one weapon possession technical violation on 8-6-84. The board's report on Arrest of Parolee dated September 17, 1984 states that, on 8-6-84, the defendant did rob, at point of knife, the complainant.

The Notice of Charges and Hearing designates three additional weapon possession violations, which occurred on 7-31-84, 8-10-84 and 8-14-84. However, the board's report on Arrest of Parolee dated October 2, 1984 details Mr. Threats' arrest based upon three knifepoint robberies but does not state the dates upon which those crimes were committed.