527 A.2d 1085

John R. Clark, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs February 24, 1987, to President Judge CRUMLISH, JR., and DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*Deborah Tetzlaff Lux,* Assistant Public Defender, with her, *Kimberly Hamilton,* for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., June 24, 1987:

John R. Clark appeals a Pennsylvania Board of Probation and Parole (Board) order denying his request for administrative relief from a recommitment order. We vacate and remand in part and affirm in part.[1]

---

[1] Our scope of review is limited to determining whether there was an error of law or whether a finding of fact was unsupported by

While on parole from a previous conviction, Clark was arrested and charged on a ten-count criminal information.[2] Pursuant to a plea agreement, Clark entered a guilty plea to one count of delivery of methamphetamine and a plea of nolo contendere to one count of criminal conspiracy. The Board recommitted Clark (1) for the unexpired term of his sentence as a convicted parole violator (CPV) based on the methamphetamine and conspiracy offenses and (2) for six months as a technical parole violator (TPV) for possession of a controlled substance. Subsequently, the Board modified the order, specifying that the TPV recommitment referred to possession of marijuana, one of the counts that the Commonwealth had agreed not to prosecute in accordance with the plea agreement.

The essence of Clark's initial contention is that because marijuana possession constitutes one of the overt acts upon which the criminal conspiracy offense was based he should not also be subject to technical parole recommitment for that same act. *Rivenbark v. Pennsylvania Board of Probation and Parole*, 509 Pa. 248, 501 A.2d 1110 (1985).[3]

---

substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986).

[2] Clark was charged with a ten-count criminal information at Criminal Action No. 1985-936 in Centre County Common Pleas Court. The following offenses were alleged: possession, possession with intent to deliver, and delivery of methamphetamine; possession, possession with intent to deliver and delivery of marijuana; possession, possession with intent to deliver and delivery of THC; and criminal conspiracy.

[3] Clark further contends that the Board improperly considered incompetent expert testimony as to the identification of alleged controlled substances. However, the question of whether a witness is qualified to testify as an expert is within the sound discretion of the fact-finder and will not be overturned except in clear cases of abuse.

In *Rivenbark,* our Supreme Court determined that an improper duplication occurs when a parolee is recommitted as a technical violator for acts constituting new crimes for which he was convicted. We explained in *Threats v. Pennsylvania Board of Probation and Parole,* 102 Pa. Commonwealth Ct. 315, 518 A.2d 327 (1986), that an act which is "coextensive" or "coterminous" with the criminal acts cannot be the basis for a technical violation. Even if the technical violation is not entirely coextensive with the criminal activity, but supplies a necessary element of the crime, a duplicative recommitment based on the technical violation is prohibited. *Id.* at 323, 518 A.2d at 330.

In the case of criminal conspiracy, the Commonwealth must prove the defendant's involvement in an agreement to accomplish a criminal objective and the commission of an *overt act* in pursuance of the conspiracy. *Commonwealth v. Jackson,* 316 Pa. Superior Ct. 553, 463 A.2d 1036 (1983), *rev'd on other grounds,* 506 Pa. 469, 485 A.2d 1102 (1984). In this instance, Count 10 of the Criminal Information, upon which Clark entered his nolo contendere plea, charged him with con-

---

*See Commonwealth v. Bennett,* 471 Pa. 419, 370 A.2d 373 (1977). Our review of the record reveals that the police officer who identified the alleged controlled substance was a criminal investigator with the State College Bureau of Police Services and had been involved in forty to fifty drug purchases/arrests prior to Clark's arrest. Moreover, no objection was made at the revocation hearing to the police officer's identification of the controlled substances. Therefore, the hearing examiner did not abuse his discretion in permitting this testimony.

Clark also objects to the police officer's identification of the controlled substances on hearsay grounds, arguing that this testimony alone, without the introduction of a laboratory report verifying the identify of the substances, was inadmissible. However, the officer testified as to seeing what appeared to him to be controlled substances. This is not hearsay. Moreover, Clark's own testimony indicated his possession of controlled substances.

spiracy to promote or facilitate the commission of crimes as described in Counts 1 through 9. Therefore, because Count 10 makes reference to as many as nine acts, including marijuana possession (Count 4), each is conceivably a necessary element of the conspiracy crime and presumably could not also be used to base a technical parole violation upon.[4] However, our review of the record does not reveal which of the nine counts constituted the overt act (or acts) relied upon by the Commonwealth to negotiate this conspiracy plea agreement. Although one could infer that the sole overt act related to the conspiracy offense was delivery of methamphetamine, the charge to which Clark pleaded guilty, we decline to do so. Therefore, inasmuch as the record is inadequate for our review, we vacate the Board's TPV recommitment for possession of marijuana and remand for findings as to the actual terms of the plea agreement.

Clark further contends that the Board erred by exceeding the presumptive range for his convicted parole violations. However, the Board provided adequate written justification for the amount of backtime given in ac-

---

[4] The Board contends that the criminal conspiracy charge is separate and distinct from a marijuana possession charge and that the two do not merge upon entry of a nolo contendere plea to conspiracy. *See Commonwealth v. Boerner*, 281 Pa. Superior Ct. 505, 422 A.2d 583 (1980). While the essential elements of conspiracy are an agreement and an intention to do an unlawful act, *Commonwealth v. Petrosky*, 194 Pa. Superior Ct. 94, 166 A.2d 682 (1960), the decisions also require proof of an overt act by one of the co-conspirators in furtherance of the conspiracy. *Commonwealth v. Jackson*. Therefore, we believe that Clark's argument has merit in that a conspiracy charge based upon an overt act such as possession of a controlled substance could violate the *Rivenbark* rule against duplicative recommitments if that act of controlled substance possession formed the basis of *both* a conspiracy conviction and a technical parole violation.

cordance with 37 Pa. Code §75.1(c). Clark's testimony that he wanted to "max out" his sentence and not deal with parole people any longer clearly supports the Board's conclusion that Clark has a negative attitude and interest in parole.

Accordingly, we vacate that portion of the Board's order recommitting Clark as a TPV for marijuana possession and remand for findings consistent with this opinion. We affirm in all other respects.

## ORDER

The Pennsylvania Board of Probation and Parole order, Parole No. 7353-R dated August 19, 1986, denying administrative relief to John Clark is vacated, and the modified parole revocation order dated August 13, 1986, is vacated. The order dated June 19, 1986, is vacated as to the recommitment for the technical violation of parole condition 5A and remanded for findings as to the terms of the plea agreement. The June 19, 1986 order is affirmed in all other respects.

Jurisdiction relinquished.