528 A.2d 290

Henry Rauser, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs April 29, 1987, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Henry Rauser,* petitioner, for himself.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert P. Greevy,* Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE BARBIERI, July 2, 1987:

Henry Rauser, Petitioner, has filed a petition for review in the nature of a mandamus action invoking our original jurisdiction under Section 761 of the Judicial Code, 42 Pa. C. S. §761, against the Pennsylvania Board of Probation and Parole (Board). In his action, he seeks a writ of mandamus to compel the Board to vacate its recommitment of him as a technical parole violator

and recompute his parole backtime and service of subsequent sentences to run concurrently, rather than consecutively as the Board has done. The Board has filed preliminary objections in the nature of a demurrer to Rauser's petition that are presently before this Court.

The Board argues that Rauser's petition fails to state a claim upon which relief can be granted. A demurrer will be sustained only where it appears clear from the face of the pleading that the law will not permit the recovery being sought. *Zemprelli v. Thornburgh,* 73 Pa. Commonwealth Ct. 101, 457 A.2d 1326 (1983). Any doubts must be resolved in favor of overruling the demurrer. *International Association of Firefighters, Local 2493 v. Loftus,* 80 Pa. Commonwealth Ct. 329, 471 A.2d 605 (1984). Also, a demurrer admits every well-pleaded material fact set forth in the pleadings as well as all inferences that may be reasonably deducible therefrom. *Wolcott v. Athens Area School District,* 62 Pa. Commonwealth Ct. 491, 437 A.2d 98 (1981).

Thus viewed, we glean the following facts from Rauser's petition. Rauser was paroled by the Board effective November, 1980, from two sentences, the longest of which was a two to five year sentence imposed by the Court of Common Pleas of Lebanon County. He was arrested on September 27, 1981, in Tampa, Florida, on charges that he committed three burglaries in Lancaster County, Pennsylvania. After holding a parole Violation Hearing, the Board ordered Rauser recommitted as a technical parole violator, when available, to serve twelve months on backtime based upon his arrest on the new burglary charges. Following his conviction on the new criminal charges, the Board provided him with a parole Revocation Hearing and thereafter ordered him recommitted as a convicted parole violator to serve twenty-four months on backtime, for a total of thirty-six months on backtime. Since Rauser had only two years, eleven months, and twelve days, remaining

on his Lebanon County sentence, the Board recommitted him for the balance of his unexpired term.

In his petition for review, Rauser contends (1) that the Board improperly recommitted him as a technical parole violator and a convicted parole violator as a result of his arrest and conviction of the Lancaster County burglary charges; and (2) that the Board erred by mandating that his parole backtime run consecutive with his new sentences where the sentencing judge implied that the new sentences would run concurrently. We shall address these issues in the order stated, noting that in order to make out a valid claim in mandamus, a petitioner must establish:

> 1.  A clear legal right in the plaintiff to the relief sought;
>
> 2.  A clear corresponding duty in the defendant to provide the relief sought; and
>
> 3.  The want of any other adequate and appropriate remedy.

*Jamieson v. Pennsylvania Board of Probation and Parole,* 90 Pa. Commonwealth Ct. 318, 322, 495 A.2d 623, 625 (1985); *St. Clair v. Pennsylvania Board of Probation and Parole,* 89 Pa. Commonwealth Ct. 561, 566, 493 A.2d 146, 151 (1985).

Rauser bases his first claim upon the Pennsylvania Supreme Court's decision in *Rivenbark v. Pennsylvania Board of Probation and Parole,* 509 Pa. 248, 501 A.2d 1110 (1985), where the Supreme Court interpreted Section 21.1 of the Act of August 6, 1941 (Parole Act), P.L. 861, *as amended,* 61 P.S. §331.21a, as withholding from the Board the power to recommit parolees as technical parole violators for conduct that also constituted a new crime of which the parolee is subsequently convicted. *See also* Wile, *Probation and Parole,* 57 Pa.B.A.Q. 152, 154-155 (1986). Here, Rauser alleges his technical parole violations were based upon his arrest on burglary charges, while he does not specifically identify the pa-

role condition the Board asserted he violated. Since his arrest led to his conviction on the burglary charges, Rauser argues that the Board was precluded under *Rivenbark* from basing a technical parole violation upon that arrest. We respectfully disagree.

In *Rivenbark* the Pennsylvania Supreme Court held that the Board may not recommit a parolee as a technical parole violator for the same *act* that constituted a new crime of which the parolee is convicted. 509 Pa. at 255, 501 A.2d at 1114. Here, the Board, according to Rauser's pleadings, based its technical parole violation upon his *arrest* for burglary charges and presumably not reporting that arrest within the required time. That is an act that is separate and distinct from Rauser's act that constituted the crime of burglary of which he was subsequently convicted. Therefore, the Board had the authority to recommit him as a technical parole violator based upon his arrest despite his subsequent conviction of the offense that he was arrested for. *Cf. Bennett v. Pennsylvania Board of Probation and Parole,* 95 Pa. Commonwealth Ct. 373, 505 A.2d 1050 (1986) (parolee's conviction of indecent exposure and open lewdness did not prevent his recommitment for violating a special parole condition prohibiting his consumption of alcohol); *Keough v. Pennsylvania Board of Probation and Parole,* 95 Pa. Commonwealth Ct. 252, 505 A.2d 378 (1986) (parolee's conviction of driving under the influence did not prevent his recommitment as a technical parole violator for violating a special condition of parole prohibiting his consumption of alcohol). Therefore, Rauser has failed to show a clear right to the relief he seeks under *Rivenbark*.

Rauser's second contention is that the Board erred when it mandated that his parole backtime and new sentences must be served consecutively. This claim is clearly frivolous. In *Commonwealth v. Dorian,* 503 Pa.

116, 468 A.2d 1091 (1983), the Pennsylvania Supreme Court held in clear and unequivocal terms that under Section 21.1(a) of the Parole Act, 61 P.S. §331.21a(a), parole backtime and new sentences must be served consecutively. In so holding, the Supreme Court expressly disapproved of the Superior Court's holding that Section 9761 of the Sentencing Code, 42 Pa. C. S. §9761, permitted a sentencing judge to order parole backtime to be served concurrently with a new sentence. 503 Pa. at 117, 468 A.2d at 1092. *See also Commonwealth v. Zuber*, 466 Pa. 453, 457, 353 A.2d 441, 443 (1976). Thus, under *Dorian* and *Zuber*, Rauser has no right to have his parole backtime run concurrently with any new sentences that he may have received as a result of his new burglary convictions. To the contrary, the well-established law in Pennsylvania is that parole backtime and new sentences must be served consecutively and a sentencing judge has no power or authority to order otherwise. *Dorian; Zuber*.

We also note, with respect to Rauser's claim concerning the concurrent versus consecutive service of his parole backtime and new sentences, that he had an adequate remedy at law. In *St. Clair* we held that the Board's administrative appeal process embodied in 37 Pa. Code §71.5(h) provides parolees with an adequate and meaningful remedy that must be exhausted prior to seeking judicial review of a Board parole revocation order. 89 Pa. Commonwealth Ct. at 569, 493 A.2d at 152. An appeal from the Board's decision in the administrative appeal process is then available to this Court. *See Bronson v. Pennsylvania Board of Probation and Parole*, 491 Pa. 549, 421 A.2d 1021 (1980), *cert. denied*, 450 U.S. 1050 (1981); Section 763 of the Judicial Code, 42 Pa. C. S. §763. Thus, insofar as his service of sentence claim is concerned, Rauser has an adequate remedy at law and the fact that he failed to avail himself of that

remedy or was unsuccessfully in appealing the Board's parole revocation order does not give him a right to bring an action in mandamus based on the same claim. We note that he also had an adequate remedy at law as to his *Rivenbark* claim. Although *Rivenbark* was decided by the Pennsylvania Supreme Court on December 10, 1985, well after the expiration of the thirty day appeal period of the Board's parole revocation order, he could have sought reconsideration by the Board in light of the *Rivenbark* decision. In *Threats v. Pennsylvania Board of Probation and Parole,* 102 Pa. Commonwealth Ct. 315, 518 A.2d 327 (1986), we held that the Board could properly consider a parolee's request for reconsideration of his parole revocation order after the thirty day appeal period of 37 Pa. Code §71.5(h) had expired where the change in law effected by *Rivenbark* was not announced until the applicable appeal period had expired. Like the parolee in *Threats,* Rauser could have asked the Board to reconsider its prior revocation order in light of *Rivenbark.*

However, having found that Rauser has not established facts that show that he has a clear legal right to the relief he seeks and that he had an adequate remedy at law insofar as his service of sentence claim is concerned, he has not set forth a valid claim in mandamus. Accordingly, we shall sustain the Board's demurrer and dismiss the petition for review.

## ORDER

Now, July 2, 1987, upon consideration of the Preliminary Objections of the Pennsylvania Board of Probation and Parole, and the briefs filed in support and in opposition thereto, said Preliminary Objections are sustained and the Petition for Review filed by Henry Rauser is hereby dismissed for the failure to state a claim upon which relief can be granted.