565 A.2d 185

Miles J. FLOWERS, Petitioner,

v.

COMMONWEALTH of Pennsylvania, PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 2, 1989.

Decided Aug. 8, 1989.

Publication Ordered Oct. 20, 1989.

Miles J. Flowers, petitioner, for himself.

Timothy P. Wile, Asst. Chief Counsel, with him, Robert A. Greevy, Chief Counsel, for respondent.

Before CRAIG and BARRY JJ., and BLATT, Senior Judge.

CRAIG, Judge.

Miles J. Flowers appeals from an order of the Pennsylvania Board of Probation and Parole that dismissed his request for reconsideration as an untimely administrative appeal. We affirm.

The board, by orders dated August 7, 1986 and January 29, 1987, recommitted Flowers as a technical and convicted

parole violator. Flowers filed a request for administrative relief, which the board denied. Flowers unsuccessfully appealed that decision to this court. *Flowers v. Pennsylvania Board of Probation and Parole,* (No. 640 C.D.1987, filed October 13, 1987).

Flowers filed a request for reconsideration of the board's parole revocation orders on November 7, 1988. On November 30, 1988 the board dismissed that request as untimely. Flowers now appeals that decision to this court. By order dated January 1, 1989, this court granted the board's motion to limit the issue before the court to the timeliness of Flowers' reconsideration request.

As stated in *Threats v. Pennsylvania Board of Probation and Parole,* 102 Pa.Cmwlth. 315, 518 A.2d 327 (1986), *rev'd. on other grounds,* 520 Pa. 182, 553 A.2d 906 (1989), "[t]he decision to grant or deny a request for reconsideration is a matter of administrative discretion and this court is empowered to reverse only for an abuse of that discretion." 102 Pa.Cmwlth at 317, 518 A.2d at 328. *See also, Snipes v. Pennsylvania Board of Probation and Parole,* 107 Pa. Cmwlth. 72, 527 A.2d 1080 (1987).

Unlike Threats, Flowers has not argued that there has been a subsequent change in the law which could be applied retroactively to produce a different result from the board's disposition of Flowers' original appeal. *See also, Gordon v. Pennsylvania Unemployment Compensation Board of Review,* 44 Pa.Commonwealth Ct. 270, 273, 403 A.2d 235, 236 (1979). Flowers had an adequate remedy in his initial request for administrative relief. *Rauser v. Pennsylvania Board of Probation and Parole,* 107 Pa. Commonwealth Ct. 216, 528 A.2d 290 (1987).

The board's denial of reconsideration specifically recognized that *Rivenbark v. Pennsylvania Board of Probation and Parole,* 509 Pa. 248, 501 A.2d 1110 (1985), the decision upon which this court relied in *Threats* in determining that the board should consider the petitioner's untimely request for reconsideration, does not apply in this case. Moreover,

the standard the Pennsylvania Supreme Court recently announced in *Threats*, which the board must use to determine when a parolee's technical violations accompanied by the commission of a crime may support the imposition of an independent period of recommitment, is also inapplicable. Thus, we believe the board properly dismissed Flowers' request for reconsideration.

Flowers raised two issues in his earlier appeal to this court: (1) whether the board erred in not crediting Flowers' original sentence for the time he was incarcerated between his parole revocation date and his sentencing date; and (2) whether the board erred in ordering recommitment on the two original sentences to be served consecutively, rather than computing backtime on both sentences from the same availability date.

■ In his petition for reconsideration, Flowers attacked the board's January 29, 1987 decision, specifically alleging that the board based its decision on evidentiary deficiencies and that the decision violated the double jeopardy clause of the Constitution and his due process rights. Flowers' double jeopardy claim appears to be merely another attack on the board's decision to order consecutive rather than concurrent recommitment on his two original sentences. Flowers clearly could have raised these issues in his administrative appeal. "A parolee challenging an act of the Board must raise all his claims at one time, rather than bring successive suits which seek the same relief but vary slightly in their allegations." *Choice v. Pennsylvania Board of Probation and Parole,* 33 Pa.Commonwealth Ct. 293, 295, 381 A.2d 513, 514 (1978).

When a parolee files an administrative appeal beyond the thirty day time limit, the sole issue is whether the board properly dismissed the appeal as untimely. *Snipes.* In this case, the board's order indicates that the board considered Flowers' petition as both an untimely administrative appeal and a petition for reconsideration without merit. Flowers filed his petition more than one year after the board's original decisions. We cannot conclude that the board

abused its discretion in dismissing Flowers' petition as untimely.

## ORDER

NOW, August 8, 1989, the order of the Pennsylvania Board of Probation and Parole dated November 30, 1988, in Parole No. 1018–M is affirmed.

## ORDER

NOW, October 20, 1989, it is ORDERED that the opinion filed August 8, 1989, shall be designated OPINION rather than MEMORANDUM OPINION, and that it shall be reported.