IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bradley Torrence,                   :
           Petitioner      :
                           :
     v.                   :    No. 1139 C.D. 2024
                           :
Pennsylvania Parole Board,    :    Submitted: November 6, 2025
           Respondent    :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
               HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE McCULLOUGH               FILED: December 26, 2025

Bradley Torrence (Petitioner), by counsel, petitions for review of the Pennsylvania Parole Board's (Board) September 30, 2010 (mailed October 12, 2010) determination recommitting Petitioner as a convicted parole violator (CPV).[1]

---

[1] Petitioner's brief and his Petition for Review are unclear regarding which of the Board's decisions he seeks to appeal. His Petition for Review states:

> This petition respectfully seeks a declaratory judgment with regard to the legality of the decision in 2010 to rescind the previous grant of credit for time spent at liberty on parole. This petition also respectfully seeks an order compelling the Board of Probation and Parole to comply with *Young* [*v. Pennsylvania Board of Probation and Parole*, 225 A.2d 810 (Pa. 2020)] and reinstate its previous order granting credit for time spent at liberty on parole.

(Petition for Review (PFR), ¶¶ 25, 26.) However, Petitioner's Brief is entitled "Petitioner Bradley Torrence's Brief and Reproduced Record in Support of his Appeal from the September 21, 2023 **(Footnote continued on next page…)**

1

Petitioner argues that the Board's September 30, 2010 decision unlawfully rescinded previously awarded credit for time he spent at liberty on parole. After careful review, we dismiss the Petition for Review and affirm the Board's September 30, 2010 decision.

## Procedural History

This case comes to us by way of transfer of a Petition for Review filed in our original jurisdiction on October 20, 2023. In response, the Board filed preliminary objections, which included an objection to this Court's jurisdiction over the Petition. We sustained the Board's preliminary objection, directed that the matter be transferred to our appellate jurisdiction, and further directed that Petitioner's filing date be preserved. *See Torrence v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 481 M.D. 2023, filed Sept. 3, 2024).

On December 10, 1991, Petitioner was sentenced to a maximum of 20 years of incarceration after previously being found guilty of third-degree murder and possession of an instrument of a crime. Petitioner was subsequently paroled on January 25, 1996, with a maximum sentence date of June 28, 2009. (Certified Record (C.R.) at 7.)

On January 22, 2004, the Department of Corrections issued a warrant to commit and detain Petitioner after he was arrested by Philadelphia police for criminal charges that were later dismissed. (C.R. at 92-94.) He was also charged with violating his parole by leaving the district without prior written permission.

---

Decision of the [Board] Denying His Request for Administrative Relief." (Petitioner's Brief (Br.) at 1.) In the portion of his brief addressing the merits of his appeal, Petitioner fails to mention the Board's September 21, 2023 decision and does not argue that it was incorrectly decided. Moreover, his statement of the Questions Involved in this appeal mentions only one issue, the legality of the Board's 2010 decision. (Petitioner's Br. at 6.) However, because of the aforementioned confusion, we address the correctness of the Board's September 21, 2023 decision, as well as the correctness of the Board's 2010 decision.

2

(C.R. at 10-11.) By decision dated February 20, 2004 (mailed on February 26, 2004), the Board ordered Petitioner to be detained pending disposition of the criminal charges and that he be recommitted to a state correctional institution as a technical parole violator (TPV), when available, to serve nine months for the parole violation. (C.R. at 11.) In a Board decision dated April 28, 2004 (mailed on May 7, 2004), Petitioner's parole violation maximum date was listed as June 28, 2009. (C.R. at 13- 14.) On January 9, 2005, the Board reparoled Petitioner. (C.R. at 15-20.) At the time of his reparole, Petitioner was advised that if he were convicted of a crime while on parole/reparole, the Board could recommit him to serve the balance of the time he was serving when paroled with no credit for time at liberty on parole. (C.R. at 19-20.)

On April 6, 2006, the Board ordered Petitioner to again be detained pending criminal charges after he was arrested for drug offenses and money laundering. (C.R. at 23, 31.) After waiving his right to counsel and to a revocation hearing, he pled guilty to federal drug and money laundering charges in the United States District Court for the District of Delaware on December 1, 2010, and was ultimately sentenced to 72 months of imprisonment. (C.R. at 24, 64, 69.) Petitioner remained in federal custody from May 23, 2006, until July 7, 2010. (C.R. at 44.)

After Petitioner was returned to state custody, the Board, in a decision dated September 30, 2010 (mailed on October 12, 2010), recommitted Petitioner to a state correctional institution as a TPV (to serve six months) and as a CPV (to serve 12 months) concurrently for a total of 12 months' backtime. (C.R. at 72.) The Board's decision listed his "parole violation maximum date" as December 8, 2022. (C.R. at 72-73.) It also stated that the time from May 2, 2006 to July 7, 2010 was factored as time being served in the federal system. (C.R. at 75.)

On June 15, 2011, the Board paroled Petitioner to his federal detainer sentence. (C.R. at 79.) On September 27, 2022, Petitioner was sentenced to 120

months of incarceration for additional federal drug and other offenses he committed while at liberty on parole. (C.R. at 84-91.) On June 16, 2022, the Board issued a warrant to commit and detain Petitioner for a parole violation. (C.R. at 92, 94.) The Board has not conducted parole revocations for the new federal matters. The Board's warrant states that "although offender's original maximum sentence was 12/08/2022, the maximum sentence is being extended due to a new conviction. The new maximum sentence will be computed upon recording of the Board's final action." (C.R. at 94.)

On July 28, 2023, the Board received an Administrative Remedies Form challenging the Board's September 30, 2010 decision, in which Petitioner claimed the Board illegally rescinded a previous grant of credit he received for time spent at liberty on parole. (C.R. at 96-98.) On August 29, 2023, the Board dismissed the request for administrative relief as untimely under the Board's regulation at 37 Pa. Code Section 73.1. (C.R. at 99.) On September 13, 2023, the Board received a second Administrative Remedies Form, identical to the previous Administrative Remedies Form. (C.R. at 100-01.) On September 21, 2023, the Board responded to Petitioner's second request for administrative relief and dismissed it as an unauthorized second or subsequent request under the Board's regulation.[2] (C.R. at 102.)

On October 20, 2023, Petitioner filed a Petition for Review in this Court asserting that the Board, in its September 30, 2010 decision, incorrectly calculated his parole violation maximum date as December 8, 2022, by revoking credit it had previously granted, which unlawfully extended his sentence. In the Petition, he asserts that the Board had no authority under Section 6138(a)(2.1) of the Prisons and

---

[2] On October 11, 2023, the Board received a third Administrative Remedies Form. (C.R. at 106). On October 17, 2023, the Board dismissed the third request for administrative relief as a premature challenge to potential future parole violation proceedings. (C.R. at 106.)

4

Parole Code, 61 Pa.C.S. § 6138(a)(2.1) (Code), to revisit an earlier Board decision granting him credit for time served at liberty on parole. However, Petitioner does not cite to any Board decision or other evidence of record granting him such credit. He merely recites in his statement of the facts that he was recommitted as a TPV in 2004 and reparoled in February of 2005. He then states that "[n]otably the Board . . . awarded [Petitioner] credit for time served while at liberty on parole." (Petitioner's Br. at 7.) He does not provide the date of the Board's decision granting this credit, the amount of time with which he was credited, or any other relevant facts about the alleged grant of credit. Petitioner cites *Young v. Pennsylvania Board of Probation and Parole*, 225 A.3d 810 (Pa. 2020), for the proposition that under Section 6138(a)(2.1) of the Code, 61 Pa.C.S. § 6138(a)(2.1), the Board may not rescind a previous grant of credit for time spent at liberty on parole and asserts that, therefore, the Board acted illegally in purporting to do so in its 2010 decision. *Id.*

To his Petition, Petitioner attached the two 2023 Board decisions dismissing the two Administrative Remedies Forms that he filed with the Board on July 22, 2023, and August 15, 2023, challenging the Board's decision dated September 30, 2010, and mailed on October 12, 2010.

**Issues**

In his brief, Petitioner identifies the single issue involved in this case as "[w]hether the Board of Probation and Parole unlawfully extended his maximum sentence date?" (Petitioner's Br. at 6.) Respondent, however, would add three additional issues, which are: (1) should the Petition for Review be quashed because it was not filed within 30 days of the Board's decision denying administrative relief; (2) whether the Board's August 2023 Decision denying Petitioner's July 2023 request for administrative relief as untimely was properly decided and should be affirmed; and (3) whether the Board's September 2023 Decision dismissing

5

Petitioner's second request for administrative relief as unauthorized, was properly decided and should be affirmed. (Respondent's Br. at 2.)

## Discussion[3]

### A. *Timeliness of the Instant Petition for Review*

Under Pennsylvania Rule of Appellate Procedure (Pa.R.A.P.) 1512(a)(1), "[a] petition for review of a quasijudicial order . . . shall be filed with the prothonotary of the appellate court within 30 days after the entry of the order." In addition, the appellate rules provide that "[a]n appellate court . . . may not enlarge the time for filing . . . a petition for review[.]" Pa.R.A.P. 105(b); *see also Hill v. Pennsylvania Board of Probation and Parole*, 683, A.2d 699, 701 (Pa. Cmwlth. 1996). As this Court has explained, "[t]he timeliness of an appeal and compliance with the statutory provisions which grant the right of appeal go to the jurisdiction of the court to hear and decide the appeal[.]" *Altieri v. Pennsylvania Board of Probation and Parole*, 495 A.2d 213, 214 (Pa. Cmwlth. 1985).

Based on the Petition for Review and Petitioner's brief, it is clear that Petitioner seeks to challenge the Board's September 30, 2010 decision, which Petitioner alleges illegally rescinded a previous grant of credit for time spent at liberty on parole. (Petitioner's Br. at p. 6, 10.) Petitioner filed his Petition for Review with this Court on October 20, 2023, seeking review of a Board decision issued in 2010, 13 years prior to the filing of the instant Petition for Review. This

---

[3] Our review in this instance is limited to determining whether the Board erred as a matter of law, made findings unsupported by substantial evidence in the record, or violated Petitioner's constitutional rights. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Fisher v. Pennsylvania Board of Probation and Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013).

conflicts with the rules outlined above. Therefore, the Petition for Review is clearly untimely filed.[4]

Petitioner does not dispute that his challenge to the Board's 2010 decision is untimely, because he states: "[a]dmittedly, the decision of the Board to recalculate [Petitioner's] time credit [presumably by forfeiting credit previously awarded] was made in 2010." (Petitioner's Br. at 10.) Rather, he argues that, as a matter of fundamental fairness, his appeal should be allowed because in 2010, the legal theory underlying the instant appeal was not apparent. That theory did not become known to Petitioner until our Supreme Court decided *Young* in 2020. Petitioner's argument, simply put, is that in 2010 the Board took away from Petitioner street time[5] that it had awarded to Petitioner in 2005. He then states that "[a]s would be explained by the Pennsylvania Supreme Court in [*Young*], there was no authority for the Board to do so and its actions were therefore illegal." (Petitioner's Br. at 11.)

This argument is without merit because there is no evidence of record, and Petitioner cites to none, that the Board ever granted Petitioner credit for time spent at liberty on parole, which the Board subsequently revoked. Therefore,

---

[4] We also note that Petitioner has failed to preserve his challenge to the Board's September 30, 2010 decision for appellate review. It is well settled that a litigant may not assert an issue on appeal unless he first timely raised it at the administrative level. 2 Pa.C.S. § 703(a); Pa.R.A.P. 1551; *McCaskill v. Pennsylvania Board of Probation and Parole*, 631 A.2d 1092, 1094-95 (Pa. Cmwlth. 1993). Parolees desiring to appeal from a parole revocation decision must file an administrative appeal with the Board within 30 days. The failure to file an appeal within the time required by law precludes a parolee's right to challenge the Board's decision. *Larkin v. Pennsylvania Board of Probation and Parole*, 555 A.2d 954, 957 (Pa. Cmwlth 1989.) Therefore, Petitioner was required to file an administrative remedies form challenging the Board's 2010 decision within 30 days of its mailing, which he failed to do.

[5] The time a parolee spends at liberty on parole is also referred to as "street time." *Plummer v. Pennsylvania Board of Probation and Parole*, 216 A.3d 1207, 1209 n.1 (Pa. Cmwlth. 2019).

7

Petitioner has failed to establish his claim that the Board granted him credit for time spent at liberty on parole in 2005, which the Board then revoked in its September 30, 2010 decision. Notably, the Board's 2010 decision does not indicate that it was revoking any time credit previously awarded to Petitioner. (C.R. at 72-73.)

Moreover, at the time the Board's allegedly erroneous 2010 decision was made, the version of Section 6138 of the Code that the Supreme Court interpreted in its *Young* decision, was not yet in force. The version of the Code in effect at the time of the Board's 2010 decision was an earlier version of the Code passed by the General Assembly in 2009.[6] That version of the Code was in effect

---

[6] Act of August 11, 2009, P.L. 147, No. 33, *as amended*, 61 Pa.C.S. §§ 101-6309. That statute provided in pertinent part:

**(a) Convicted violators.—**

    (1) A parolee under the jurisdiction of the board released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty . . ., **may at the discretion of the board be recommitted as a parole violator.**

    (2) If the parolee's recommitment is so ordered, the parolee shall be re-entered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted **and shall be given no credit for the time at liberty on parole.**

    . . .

    (4) The period of time for which the parole violator is required to serve shall be computed from and begin on the date that the parole violator is taken into custody to be returned to the institution as a parole violator.

    (5) If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed shall precede the commencement of the new term imposed in the following cases:

        (i)    If a person is paroled from a State correctional institution and the new sentence imposed upon

**(Footnote continued on next page…)**

until 2012, when the legislature again amended the Code.[7]  It was this 2012 version of the Code which was at issue in *Young*, and with respect to which our Supreme Court held that "the [Code] does not authorize the Board to withdraw an award of previously granted pursuant to Section 6138(a)(2.1)." 225 A.2d at 814.  Indeed, the 2009 version of the Code does not contain a Section 6138(a)(2.1).  Rather than revoking time credit previously awarded to Petitioner, it appears that the Board simply exercised its discretion to recommit Petitioner and that such recommitment extended the date of his maximum term on the original sentence.  Because the version of the statute cited by Petitioner was not in effect at the time of the Board's September 30, 2010 decision, Petitioner's arguments with respect to that later statute or to cases decided under its provisions, such as *Young*, are inapposite, unless there is reason to apply the *Young* decision retroactively.

## B.  *Retroactive Application of Young*

In his July 17, 2023 Administrative Remedies Form, Petitioner argued that in 2010, the Board had no authority to rescind credit previously awarded by the Board.  That is, at the time of the Board's 2010 decision allegedly revoking credit previously granted to Petitioner, Section 6138 did not allow the Board to revoke such credit.  Petitioner argued that this was not authorized until 2021, when the General Assembly, in response to *Young*, added Section 6138.(a)(2.2) (providing that credit

---

>       him is to be served in the State correctional institution.
>
> (ii)     If a person is paroled from a county prison and the new sentence imposed upon him is to be served in the same county prison.
>
> (iii)    **In all other cases, the service of the new term for the later crime shall precede commencement of the balance of the term originally imposed.**

[7] *See* 61 Pa.C.S. § 6138, which added Subsection 6138(a)(2.1) to the Code.

awarded to an offender in a prior board action is subject to forfeiture under this section if an offender is subsequently recommitted as a CPV). (C.R. at 96).

On appeal to this Court, Petitioner acknowledges that his July 17, 2023 Administrative Remedies Form was filed 13 years late. However, he argues that he could not have raised this issue in 2010 – because *Young*, which held that the Board had no authority to rescind a previous grant of credit for time spent at liberty on parole, had not yet been decided.[8] He argues "[a]s such, the ordinary 30-day time limitation of 37 Pa. Code § 73.1 has no import here, nor is there any provision specifying an applicable time limit." (Petitioner's Br. at 11.) He claims the *Young* decision constitutes a change in the law that should qualify as an exception to the time period for filing an administrative appeal. We disagree.

Under Section 6138 of the version of the Code in effect in 2010, a parolee who was recommitted as a CPV automatically and unconditionally forfeited credit for days spent during the parole period in which the crime was committed. 61 Pa.C.S. § 6138(a)(2); *formerly* 61 P.S. § 331.21a(a) (if a parolee was recommitted as a CPV, the Code provided, without exception, that the parolee "shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and shall be given no credit for the time at liberty on parole."). The question here is whether the change in the law in 2020, via

---

[8] In *Young* our Supreme Court concluded that once the Board exercises its discretion to award street time credit, it cannot "reach back" and rescind that credit in a subsequent revocation proceeding. *Young*, 225 A.3d at 813-14. Stated differently, the Board may not grant street time credit to a parolee in a recommitment order, reparole the parolee, and then rescind that credit upon yet another parole revocation, because the Code "does not authorize the Board to withdraw an award previously granted pursuant to Section 6138(a)(2.1)." *Id*. at 814.

10

*Young*, allows Petitioner to go back and file an administrative remedies form 13 years after the Board entered its September 30, 2010 decision.[9]

In *Threats v. Pennsylvania Board of Probation and Parole*, 518 A.2d 327 (Pa. Cmwlth. 1986), *rev'd on other grounds*, 553 A.2d 906 (Pa. 1989), this Court generally held that the Board may consider an untimely application for reconsideration when the petitioner demonstrates that **there has been a subsequent change in the law that should be applied retroactively** to produce a different result from the Board's disposition of the original appeal. *See* 518 A.2d at 328; *see also Flowers v. Pennsylvania Board of Probation and Parole*, 565 A.2d 185, 186 (Pa. Cmwlth. 1989); *Passarella v. Pennsylvania Board of Probation and Parole*, 217 A.3d 919, 927 (Pa. Cmwlth. 2019).

The general rule when an appellate court recognizes **a new rule of law** is that the decision is applied retroactively so that a party whose case is pending on direct appeal is entitled to the benefit of the change in the law. *In the Interest of L.J.*, 79 A.3d 1073, 1087 (Pa. 2013); *Walnut Street Associates, Inc. v. Brokerage Concepts, Inc.*, 20 A.3d 468, 479 (Pa. 2011); *Commonwealth v. Cabeza*, 469 A.2d 146, 148 (Pa. 1983).

Whether a new rule is applied retroactively, however, is a matter of judicial discretion that may be exercised on a case-by-case basis. *L.J.,* 79 A.3d at 1087; *Walnut Street Associates*, 20 A.3d at 479. In considering whether to deviate from the general rule and only apply a new rule of law prospectively, a court must consider: (i) the purpose of the new rule, (ii) the extent of reliance by courts and litigants upon the old rule, and (iii) the effect the new rule of law will have on the

---

[9] Petitioner does not explain why, if *Young* was decided in 2020, he waited three years to file his Administrative Remedies Form, or how it is possible, in those circumstances, that we can deem the Administrative Remedies Form timely. He merely argues that he "recently" became aware of the *Young* decision. *Id.*

fair administration of justice. *L.J.*, 79 A.3d at 1087; *Kendrick v. District Attorney of Philadelphia County*, 916 A.2d 529, 536 (Pa. 2007). These factors are weighed to determine whether retroactive application is appropriate.

Here, Petitioner has not established that *Young* was meant to be applied retroactively to his situation. Petitioner does not mention, let alone discuss, the three-prong test for retroactivity. He merely states that the Board should have "fix[ed] its illegal action and award[ed] [Petitioner] the time to which he is entitled." (Petitioner's Br. at 12.) The failure to develop an argument on appeal results in waiver. *Commonwealth v. Spotz*, 716 A.2d 580, 585 n.5 (Pa. 1998) (holding that failure to develop an issue in an appellate brief results in waiver). Nevertheless, had Petitioner not waived the issue, we would find the issue to be meritless.

First, Petitioner filed his first Administrative Remedies Form three years after *Young* was decided. Therefore, there is no question that Petitioner's first Administrative Remedies Form was **not** pending at the time *Young* was decided. Moreover, shortly after *Young* was decided on February 19, 2020, the General Assembly passed the Act of **June 30, 2021**, P.L. 260, No. 59 (Act 59), **which abrogated *Young*.**[10]

Second, Petitioner's request for the retroactive application of *Young* was first made on October 20, 2023, in his Petition for Review. However, at that time, *Young* had **already been abrogated** by a new version of Section 6138 of the Code which went into effect on June 30, 2021. Therefore, *Young* is not "new" law. It was overruled by the legislature. Thus, had the issue been preserved, we would decline to apply *Young* retroactively.

C. *Petitioner's Two Administrative Remedies Forms*

---

[10] Section 6138(a)(2.2) now provides that credit awarded to an offender in prior board action is subject to forfeiture under this section if an offender is subsequently recommitted as a CPV.

12

On July 17, 2023, Petitioner submitted an Administrative Remedies Form to the Board, which received it on July 28, 2023, challenging the Board's September 30, 2010 decision extending Petitioner's maximum date to December 8, 2022. (C.R. at 96-97.) In his request for administrative relief, Petitioner argued that by extending his maximum date, the Board violated Section 6138(a)(2.1) of the Code, 61 Pa.C.S. § 6138(a)(2.1), by illegally rescinding credit it previously granted to Petitioner. (C.R. at 96-97.) On August 29, 2023, the Board mailed its decision stating that it had dismissed Petitioner's request as untimely under the Board's regulation at 37 Pa. Code Section 73.1. The Board informed Petitioner that if he wished to appeal the dismissal of his request for relief, he had thirty days from the mailing date of the Board's decision to file an appellate petition for review with this Court, or by September 29, 2023. (C.R. at 99.) To the extent that Petitioner now appeals this Board decision in our appellate jurisdiction, his preserved filing date is October 20, 2023. We therefore find that any appeal of this Board decision is untimely.

On September 13, 2023, Petitioner filed a second Administrative Remedies Form with the Board making exactly the same argument he made in his July 17, 2023 request for administrative relief from the Board's 2010 decision (C.R. at 100-01.) The Board mailed its decision in response to this request for administrative relief on September 21, 2023, stating,

> The record reveals that the Board has already disposed of this matter in its response mailed to you on August 29, 2023. As such, [Petitioner's] request for relief received on September 13, 2023 is deemed an unauthorized second or subsequent request for relief and it cannot be accepted. 37 Pa. Code § 73.1.
>
> Accordingly, [Petitioner's] request for relief received September 13, 2023 is hereby DISMISSED as unauthorized.

13

(C.R. at 102.)

We find that the Board's September 21, 2023 decision was correctly decided because the Board properly applied its regulation when it dismissed Petitioner's second 2023 administrative challenge to its 2010 decision. *See* 37 Pa. Code §§ 73.1(a)(4), 73.1(b)(3).

**Conclusion**

For the foregoing reasons, Petitioner's Petition for Review is dismissed as untimely, especially in light of our finding that Petitioner has not demonstrated that the *Young* decision should be applied retroactively to the challenged 2010 Board decision.

_____
PATRICIA A. McCULLOUGH, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bradley Torrence,                           :
        Petitioner                        :
                                          :
        v.                                :    No. 1139 C.D. 2024
                                          :
Pennsylvania Parole Board,                  :
        Respondent                        :

## *__ORDER__*

AND NOW, this 26th day of December, 2025, the Petition for Review is DISMISSED.

_____
PATRICIA A. McCULLOUGH, Judge