International Association of Firefighters, Local 2493 et al., Petitioners *v.* Thomas Loftus, Treasurer, Township of Upper Darby, Pa., et al., Respondents.

Argued December 6, 1983, before President Judge CRUMLISH, JR., and Judges ROGERS, WILLIAMS, JR., CRAIG, MACPHAIL, DOYLE and BARRY.

330

*Robert Tim Brown,* with him *Stuart W. Davidson and Jonathan W. Walters, Kirschner, Walters, Willig, Weinberg & Dempsey,* for petitioner.

*George A. Pagano,* with him *Bruce A. Irvine and Alvin S. Ackerman,* for respondent, Thomas Loftus, Treasurer of Upper Darby Township.

*Karen L. Galli,* Deputy Counsel, with her *Charles Shields, Jr.,* Counsel, and *Francis Mazzola,* Chief Counsel, for respondent, Al Benedict, Auditor General of the Commonwealth of Pennsylvania.

*Vincent X. Yakowicz,* for respondent, R. Budd Dwyer, State Treasurer.

OPINION BY JUDGE MACPHAIL, February 17, 1984:

This case is brought to our original jurisdiction pursuant to Section 761 of the Judicial Code, 42 Pa. C. S. §761. The International Association of Firefighters, Local 2493 and Jule Niemeyer (Petitioners) seek, *inter alia,* equitable relief, restitution, legal interest, attorneys' fees, costs of suit and punitive damages. At issue is the propriety of the disbursement by the Respondent Treasurer of Upper Darby Township (Township Treasurer) of monies received under Section 2 of the Act of June 28, 1895, P.L. 408, *as amended* (Act).[1]

Petitioners allege that from at least prior to 1962 the Treasurer of the Commonwealth of Pennsylvania (State Treasurer)[2] has distributed monies to the Township Treasurer as required by Section 2 of the Act. The Respondent Township of Upper Darby (Township) employs paid full-time firefighters, as it has since at least 1962. These paid firemen are covered by a pension fund. In addition, volunteer fire companies provide fire protection service to the Township. The Respondent Volunteer Firemen's Relief Association (Relief Association), an organization designed to afford financial protection to volunteer firemen serving within the Township, has been the sole recipient from at least 1962 until 1979 of all monies received from the State Treasurer and disbursed by the Township Treasurer. This is not in accordance with Section 2 of the Act, which provides that the monies shall be divided equally between the relief fund

---

[1] 72 P.S. §2262.

[2] The present State Treasurer, a respondent in this action, is R. Budd Dwyer.

association of the volunteer firemen and the pension fund of the paid firemen.[3]

Petitioners further allege that the Relief Association has refused to reimburse the paid firefighters' pension fund for monies improperly received. The Petitioner International Association of Firefighters, Local 2493 has made demand upon the Township and the Township Treasurer to disburse monies received in accordance with the provisions of Section 2, which demands have been refused. Additionally, Petitioners allege that the Respondent Al Benedict, Auditor General of the Commonwealth of Pennsylvania (Auditor General), has failed to make required audits of the books and records of the Township and the Relief Association.

Petitioners seek to enjoin the State Treasurer from disbursing any foreign fire insurance funds to the Township Treasurer unless the Township Treasurer disburses the monies in accordance with the law, and seek a full accounting from the State Treasurer of all funds previously disbursed to the Township Treasurer pursuant to Section 2. Petitioners also seek restitution of monies lawfully due the pension fund, together with legal interest, reasonable attorneys' fees, costs of suit and punitive damages.

As to the Auditor General, Petitioners ask that he be ordered to conduct an audit of all monies disbursed by the State Treasurer to the Township and the Township Treasurer pursuant to Section 2. Petitioners

---

[3] Section 2(a) of the Act, 72 P.S. §2262(a) provides in pertinent part:

[t]hat if the fire department consists of paid and volunteer firemen and the paid firemen shall be covered by a pension fund, then the two per centum tax aforesaid shall be divided equally between the relief fund association of the volunteer firemen and the pension fund for the paid firemen.

also seek an accounting for all monies lawfully due the pension fund, and restitution of such monies together with legal interest, reasonable attorney's fees, costs of suit and punitive damages.

The matter is before us now on the preliminary objections of the State Treasurer and the Auditor General. We will consider the various objections individually.

### Preliminary Objections of the State Treasurer

The State Treasurer's first preliminary objection in the nature of a demurrer seeks dismissal of the action as to him for failure to state a cause of action upon which relief can be granted. A demurrer admits all well-pleaded material facts in the pleading which it attacks, as well as all inferences which may reasonably be deduced therefrom. We cannot sustain the demurrer unless it is clear on the face of the pleading that the law will not permit the recovery being sought, resolving any doubt in favor of overruling the demurrer. *Association of Pennsylvania State College and University Faculties v. Commonwealth*, 44 Pa. Commonwealth Ct. 193, 403 A.2d 1031 (1979).

The duties of the State Treasurer in regard to the disbursement of the monies at issue in the instant case are fully set forth in Section 2(a) which states in pertinent part that "there *shall be paid* by the State Treasurer to the treasurers of the several . . . townships . . . within the Commonwealth, the entire net amount received from the two per centum tax paid upon premiums by foreign fire insurance companies." (Emphasis added.) The State Treasurer is fulfilling that statutory mandate and we may not enjoin him from performing his statutory duty. In any event, Petitioners' fears about future disbursements of monies under the Act are speculative. We cannot en-

join the State Treasurer's lawful disbursement of funds because Petitioners fear that the recipients will disburse them in a manner inconsistent with the statutory requirements. *See Rodes v. Commonwealth,* 2 Pa. Commonwealth Ct. 328, 279 A.2d 782 (1971).

Additionally, the State Treasurer is not required to make an accounting to the Petitioners of the funds distributed to the Township Treasurer. An action of account is brought against one who, by means of his office, is obliged to render an account to another but refuses to do so. *See Kohr v. Kohr,* 271 Pa. Superior Ct. 321, 413 A.2d 687 (1979). The State Treasurer's obligations are defined by the Act, which does not include a requirement that the State Treasurer account to potential recipients for disbursements made.

For the reasons stated above, we find that Petitioners have failed to state a cause of action for which relief can be granted against the State Treasurer.

Inasmuch as we have sustained the demurrer, we need not address the State Treasurer's preliminary objections in the nature of a motion for a more specific pleading and raising the defense of sovereign immunity.

PRELIMINARY OBJECTION OF THE AUDITOR GENERAL

The Auditor General has raised a preliminary objection in the nature of a demurrer. We have fully stated above the strict standards which must be met in order to sustain a demurrer, and we find that the Auditor General has failed to meet those standards.

In *Volunteer Firemen's Relief Ass'n v. Minehart,* 415 Pa. 305, 203 A.2d 476 (1964), our Supreme Court stated that the Auditor General is required to audit the ultimate recipient of funds under the Act, to insure that the monies are being used for the purposes required by law. Mandamus will lie to compel the Au-

ditor General to perform a ministerial legal duty. *Id.* at 311, 203 A.2d at 479.

We also find that Section 403 of the Act of April 9, 1929, P.L. 343,[4] is determinative in this matter. Section 403 provides in pertinent part:

> The Department of the Auditor General shall have the power, and its duty shall be, to audit the accounts and records of every person, association, corporation, and public agency, receiving an appropriation of money, payable out of any fund in the State Treasury, . . . as far as may be necessary to satisfy the department that the money received was expended or is being expended for no purpose other than that for which it was paid.

We find that this statute imposes upon the Auditor General a duty to audit the accounts and records of the Township and the Township Treasurer if necessary. This duty is sufficient reason for us to overrule the demurrer of the Auditor General.

## Order

The preliminary objection in the nature of a demurrer of the Respondent State Treasurer R. Budd Dwyer is hereby sustained and the petition is dismissed as to Respondent Dwyer.

The preliminary objection of the Respondent Auditor General Al Benedict is hereby overruled. Respondent Benedict shall plead responsively to the petition within twenty days after notice of this order.

---

[4] 72 P.S. §403.