529 A.2d 521

**Norman B. STEMPLER and Patricia Stempler, h/w, Appellants,**

**v.**

**FRANKFORD TRUST CO, Commonwealth Land Title Insurance Company, Jay Bomze, Esq., Appellees.**

Superior Court of Pennsylvania.

Submitted March 24, 1987.

Filed Aug. 12, 1987.

James J. Oliver, Norristown, for appellants.

James H. Gorbey, Jr., Media, for Frankford, appellee.

Charles I. Richman, Philadelphia, for Commonwealth Land, appellee.

Ernest Iannelli, Philadelphia, for Bomze, appellee.

Before CAVANAUGH, BROSKY and TAMILIA, JJ.

CAVANAUGH, Judge:

The issues involved in this appeal are whether the court erred in sustaining the preliminary objections in the nature of a demurrer of the defendant, Frankford Trust Company, to the plaintiffs' complaint and whether the court should have allowed an amendment to the complaint, rather than dismissing the complaint.

The appellant, Norman B. Stempler, the plaintiff below, and his wife, Patricia G. Stempler, purchased a condominium in 1980 located in Ambler, Upper Dublin Township, Pennsylvania. The mortgage money was provided by Frankford Trust Company in the amount of $117,000.00. The purchase price of the condominium was $130,000.00. Title insurance was provided by Commonwealth Land Title Insurance Company and the purchasers were represented in connection with the sale by Jay Bomze, Esq.

Apparently, all went well with the house until 1984 when the owners listed the house for sale. At that time it was discovered that a use and occupancy permit had not been issued by the Upper Dublin Township and that there were defects in the construction of a wall that allegedly would cost in excess of $50,000.00 to correct. The defects had to be removed before a use and occupancy permit could be issued.

On July 23, 1985 the appellant commenced a civil action against Frankford Trust Company, Commonwealth Land Title Insurance Company and Jay Bomze, Esq. Frankford Trust Company filed preliminary objections in the nature of a demurrer, which were granted by the court below, and the complaint was dismissed as to that defendant. The preliminary objections also raised other issues which are not relevent to this appeal. An appeal has been taken to this

court from the judgment entered in favor of Frankford Trust Company.

The first issue is whether the court properly sustained Frankford Trust Company's preliminary objections in the nature of a demurrer. A demurrer admits all well pleaded facts in the pleading it attacks as well as all inferences which may reasonably be deduced therefrom. *International Association of Firefighters, Local 2493 v. Loftus*, 80 Pa.Cmwlth. 329, 471 A.2d 605 (1984); *Donnelly v. DeBourke*, 280 Pa.Super. 486, 421 A.2d 826 (1980). "The question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible." *Vattimo v. Lower Bucks Hospital, Inc.*, 502 Pa. 241, 244, 465 A.2d 1231, 1232 (1983). The alleged facts leading to the complaint against Frankford Trust Company were that its appraiser made a final inspection before settlement and it was aware, or should have been aware, of substantial defects and that it did not notify the appellant of these defects. Frankford Trust Company wrote to the buyers and listed items necessary for completion of the premises.[1] The appellant also alleged in its complaint:

1. The following is an excerpt from the letter dated May 9, 1980 sent by Frankford Trust Company to Mr. and Mrs. Stempler:

   This is to advise that the appraiser for Frankford Trust Company made a final inspection yesterday of premises 2803 Jefferson Road, Ambler, Upper Dublin Twp., Montg. Co., Pa., and found the following items necessary for completion, namely:

   Grading and seeding.
   Final macadam street surface.
   Final macadam driveway surface.
   Install all floor covering.
   Complete installation of kitchen cabinets, appliances and equipment.
   Install rear wood deck railing
   Complete installation of hand railings, interior trim and doors (in process).
   Complete installation of all plumbing fixtures including domestic hot water heater (in process)
   Install gutters and downspouts.

   Very truly,
   s/Doris E. Fauser
   Doris E. Fauser
   Mortgage Officer

24. As the construction mortgage lender for the Tannerie Wood project, defendant Frankford Trust Company through its building inspectors was fully aware of all progress in construction of the condominiums including plaintiff's home located at 2803 Jefferson Court.

25. Through its periodic inspections, defendant Frankford Trust Company, its agents, servants and employees, knew or should have known that the substantial construction defects existed in the condominium located at 2803 Jefferson Court.

26. Through its periodic inspections, defendant Frankford Trust Company knew or should have known that no use and occupancy permit had been issued for the premises located at 2803 Jefferson Court at the time of settlement and had a duty to inform plaintiff of the absence of a use and occupancy permit.

For purposes of our review of the complaint, only well pleaded material facts are admitted, and not conclusions of law. *Berger v. Ackerman*, 293 Pa.Super. 457, 439 A.2d 200 (1981). All that the appellants alleged factually was that Frankford Trust Company made periodic inspections and knew, or should have known, of substantial construction defects, and that no use and occupancy permit had been issued for the premises. There are no allegations of any facts which constitute the manner in which the Frankford Trust Company inspected the appellants home nor the dates and extent of the inspections. There is no allegation that Frankford Trust had the duty to appellant to inspect the premises or to see that a use and occupancy permit had been issued. "It is axiomatic that in order to state a cause of action for negligence, the appellants must have been

May 13, 1980—I/we have reviewed the incomplete items listed above, and it is agreeable to me/us to complete settlement today. This letter is being signed to induce the Frankford Trust Company to advance $117,000.00 representing a first mortgage on 2803 Jefferson Road, Ambler, Pa.

s/Norman B. Stempler (SEAL)
Norman B. Stempler
s/Patricia G. Stempler (SEAL)
Patricia G. Stempler

owed some duty by appellee to conduct quality inspections for their benefit." *Henry v. First Federal Savings & Loan Association*, 313 Pa.Super. 128, 132, 459 A.2d 772, 774 (1983). Generally there is no duty owed to the borrower by the mortgagee-lender to inspect the property to determine its condition and in the absence of an obligation assumed by the lender, its inspection of the property is made only to ascertain whether the property has sufficient value to secure the loan and is made by the lender for its sole benefit. *Federal Land Bank of Baltimore v. Fetner*, 269 Pa.Super. 455, 410 A.2d 344 (1979). See also *Scott v. First Investment Corp.*, 556 F.Supp. 782 (W.D.Pa.1983).

In their complaint against Frankford Trust Company, appellants failed to set forth a cause of action upon which relief could be granted. Pa.R.C.P. 1019(a) requires that the material facts upon which a cause of action is based shall be set forth in a concise and summary form. It is fundamental that in a negligence action the plaintiff must allege facts establishing a duty owed to the plaintiff, the breach of which duty gave rise to the damages allegedly suffered by the plaintiff. *Pike City Hotels Corp. v. Kiefer*, 262 Super. 126, 396 A.2d 677 (1978). In that case, suit was brought against the architect and electrical contractor, Crowder, for damages resulting from a fire in a kitchen which was undergoing extensive renovations. In the complaint against the electrical contractor, it was alleged that the electrical contractor was engaged to perform electrical work in connection with renovations in the dining hall, and undertook to furnish labor and materials and to perform electrical work for alterations and additions to the kitchen. It was alleged that the work was not performed in a workmanlike manner and that the electrical contractor was negligent in several specific respects. The court sustained a demurrer and dismissed the complaint as to Crowder. The court stated at 262 Pa.Super. 134–5, 396 A.2d 681 "*We agree with the lower court that the appellants have failed to aver any material fact upon which to predicate a duty running between them and Crowder.*" (Emphasis added.)

The mere allegation, without more, that the appellants performed inspections of their house, does not set forth a cause of action based on negligence. The appellant alleged no basis for any duty owed to him by Frankford Trust Company with respect to inspections. Appellant admits that his cause of action is based solely on negligence and not contract. (See Plaintiffs' Answer to Defendant Frankford Trust Company Preliminary Objections) The complaint does not set forth a basis for a cause of action in negligence against Frankford Trust Company and the demurrer was properly sustained.

■ The appellant further contends that the court erred in not permitting an amendment to the complaint rather than dismissing the complaint. We note initially that the appellant did not seek to amend the complaint in the court below prior to the entry of the order dismissing the complaint, notwithstanding ample opportunity to do so. Frankford Trust Company filed preliminary objections in the nature of a demurrer alleging that the complaint failed to set forth a cause of action. Under Pa.R.C.P. 1028(c) the appellant could have filed an amended complaint as of course within ten days after service upon him of the preliminary objections.[2] Instead of availing himself of this opportunity, the appellant filed an answer to the preliminary objections contending that the facts alleged in the complaint set forth a cause of action. Similarly, in his "Memorandum of Law in Opposition to Defendant Frankford Trust Company's Preliminary Objections", the appellant vigorously argued that the complaint was adequate.

Except where an amendment is allowed as of course under Pa.R.C.P. 1028, or granted as of right under other provisions of the Rules of Civil Procedure, the allowance of

2. Pa.R.C.P. 1028(c) provides:
   Rule 1028. Preliminary Objections
      (c) A party may file an amended pleading as of course within ten (10) days after service of a copy of preliminary objections. The court shall determine promptly all preliminary objections. If an issue of fact is raised, the court shall take evidence by depositions or otherwise.

an amendment under Pa.R.C.P. 1033 is completely subject to the discretion of the court. *Spain v. Vicente,* 315 Pa.Super. 135, 461 A.2d 833 (1983), *General Machine Corp. v. Feldman,* 352 Pa.Super. 180, 507 A.2d 831 (1986). We will not reverse the decision of the trial court in denying an amendment to the pleadings in the absence of a clear abuse of discretion. *Junk v. East End Fire Department,* 262 Pa.Super. 473, 396 A.2d 1269 (1978). See also *Tanner v. Allstate Insurance Co.,* 321 Pa.Super. 132, 467 A.2d 1164 (1983). Amendments are to be liberally allowed. *Connor v. Allegheny General Hospital,* 501 Pa. 306, 461 A.2d 600 (1983). However, amendments may be denied where there is prejudice or surprise to the opposing party. *Reliance Universal, Inc. of Ohio v. Ernest Renda Contracting Co.,* 308 Pa.Super. 98, 454 A.2d 39 (1982). *Biglan v. Biglan,* 330 Pa.Super. 512, 479 A.2d 1021 (1984). Also, an amendment is properly refused where it appears to be a reasonable possibility that the amendment will be futile. *Spain v. Vincent, supra, Mace v. Senior Adult Activities Center of Montgomery County,* 282 Pa.Super. 566, 423 A.2d 390 (1980). The court below determined that an amendment would be futile, and we agree. See 5 Standard Pennsylvania Practice 2nd, § 24:4–24:6. In the memorandum of law filed on behalf of the appellant in opposition to defendant Frankford Trust Company's preliminary objections, the appellant stated (pages 82–83a): "Plaintiff's cause of action against Frankford Trust Company is based upon its negligent failure to inform plaintiff of the structural defects in the condominium and the consequent inability to obtain a use and occupancy permit."

Further, in relation to the demurrer, the appellant stated: "The Complaint sets forth a bona fide claim for damages resulting from the negligent inspection/appraisal of Frankford Trust Company's agents, servants and employees, its breach of fiduciary duties and its failure to inform plaintiff of the structural defects in the condominium."

Even at this late stage in the proceedings the appellant has given no indication of facts on which a cause of action

could be based. The grant of a demurrer would obviously be meaningless if the concept of amendment to a pleading were extended to permit one who has articulated no basis for a cause of action, to continue searching until one may be located. The liberality in allowing amendments must not be construed to permit amendments at any time where ample opportunity is given to amend a pleading and a party refuses to do so but persists in its claim that a cause of action has been set forth. In these circumstances once a court has properly determined that a cause of action does not exist, there is no abuse of discretion in denying an amendment where the facts already established indicate that the amendment would be futile.

Judgment affirmed.