545 A.2d 998

Homer Horton, Appellant *v.* Jefferson County-Dubois Area Vocational-Technical School, Appellee.

Argued March 23, 1988, before Judges DOYLE and BARRY, and Senior Judge BARBIERI, sitting as a panel of three.

*Anthony S. Guido,* for appellant.

*Gerald C. Bish, Henry, Bish & Wallisch,* for appellee.

OPINION BY JUDGE DOYLE, August 17, 1988:

This is an appeal by Homer Horton (Appellant) from an order of the Court of Common Pleas of Jefferson County which sustained a preliminary objection in the nature of a demurrer filed by Jefferson County-Dubois Area Vocational-Technical School (Appellee) and dismissed Appellant's complaint.

On October 9, 1986, Appellant, who is the Director of Vocational Education and is employed by Appellee, filed a complaint in equity. He alleged that by notice dated July 17, 1984, Appellee had sought to dismiss him from his position. He further alleged that after several hearings Appellee withdrew its charges "for the apparent reason that there was no substantial evidence to support the charges." Appellant further alleged that all other employees of Appellee had received salary in-

creases for the June 1984-1985 and June 1985-1986 fiscal years; said increases were approximately eight percent per fiscal year. Appellant, however, allegedly due to the pending charges, had not received the two increases. He further pled that he had never received an unsatisfactory rating and that Appellee's failure to grant his salary increase was "politically motivated and discriminatory." Appellant claims a right to the increases due to his "good job performance" and contends that the failure of Appellee to award any increase constituted a "de facto disciplinary action." Appellant thus sought from the trial court a determination as to what pay increase he would be entitled to and an order directing Appellee to pay such sum to him. Appellee filed various preliminary objections; the only one with which we need be concerned is a preliminary objection in the nature of a demurrer. The trial court concluded that Appellant had failed to state a cause of action and, hence, sustained the demurrer. Appeal to this Court ensued.

It is well settled that a court cannot sustain a demurrer unless it is clear on the face of the pleading that the law will not permit the recovery being sought. *International Association of Firefighters v. Loftus,* 80 Pa. Commonwealth Ct. 329, 471 A.2d 605 (1984). Any doubt must be resolved in favor of overruling the demurrer. *Id.*

Appellant essentially alleges that the refusal to grant him the increases constitutes discrimination and a *de facto* disciplinary action. Even assuming this characterization to be accurate, Appellant has pointed to no law, constitutional, contractual, statutory, regulatory, or otherwise which would prohibit Appellee's actions or which would entitle Appellant to the relief he seeks. Discrimination is simply not actionable unless it is in violation of some constitutional, contractual, statutory, or regulatory right. None has been pled here. And we reject Appel-

lant's notion that his treatment here is contrary to an "implied covenant" in his employment contract. Moreover, while a political motive might, in some instances, constitute illegal discrimination, Appellant here has pled only a bare conclusion of politically based disparate treatment without averring a single fact to support this conclusion. Conclusions of law are, of course, not properly considered in ruling upon a demurrer. *Carney v. Pennsylvania Human Relations Commission*, 45 Pa. Commonwealth Ct. 10, 404 A.2d 760 (1979).

Appellant relies upon two provisions of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §§1-101 through 27-2702 (Code). The first, Section 1152 of the Code, 24 P.S. §11-1152, merely permits a board of school directors to increase salaries for any person or group of persons. Contrary to Appellant's urging, we cannot read this language to require that Appellant be granted an increase merely because other employees are granted increases.

Appellant also relies upon Section 1151 of the Code, 24 P.S. §11-1152, which, *inter alia*, prohibits demotion without consent unless an employee is given a hearing. Thus, Appellant appears to assert that he is the victim of a *de facto* demotion or some similar unspecified, but adverse, personnel action. We have held that a demotion within the intendment of Section 1152 requires either a *reduction* in salary or a change in the type of position. *Norwin School District v. Chlodney*, 37 Pa. Commonwealth Ct. 284, 390 A.2d 328 (1978). Here, Appellant has alleged neither. Thus, we cannot conclude that Appellee's actions herein violated Section 1152 of the Code. Further, Appellant nowhere contends that his salary is below the statutory *minimum* set forth in Section 1142 of the Code, 24 P.S. §11-1142.

Although there may be some merit to Appellant's contention that in denying him the relief he seeks we

permit school boards to discipline employees without having to "prove their case in a court of law," we are constrained to conclude that such problem is one properly remedied either by proper language in a collective bargaining agreement or by amendment to the Code by an act of the legislature.

Accordingly, based upon the foregoing discussion, we affirm the order of the common pleas court.

### ORDER

NOW, August 17, 1988, the order of the Court of Common Pleas of Jefferson County in the above-captioned matter is hereby affirmed.