## Kimmel v. Nationwide Life Insurance Co.

*Fred H. Hait,* for plaintiff.
*William A. Addams,* for defendant.

HESS, *J.,* May 23, 1989 - Clair Kimmel filed a complaint on January 6, 1989, seeking consequential damages arising from Nationwide's failure to pay on his loan obligation to Commonwealth National Bank while he was disabled. Nationwide filed preliminary objections in the nature of a demurrer, asserting that Pennsylvania law does not permit an insurance policy beneficiary to recover consequential damages when an insurer wrongfully withholds coverage. There is no Pennsylvania appellate authority on point.

The complaint contains the following averments. Nationwide issued a creditor's group disability insurance policy to Commonwealth National Bank, that obligated Nationwide to remit Kimmel's scheduled loan payments to Commonwealth in the event that Kimmel became unable to make the payments because of a disability. The policy covered Kimmel as a result of various loans he received from Commonwealth. On April 7, 1982, Kimmel obtained a loan from Commonwealth that

was secured by a mortgage on his home. The insurance certificate covering this loan obligated Nationwide to pay $283.33 monthly on behalf of the plaintiff if he became disabled. On September 27, 1984, Kimmel was rendered disabled by injuries he sustained in an auto accident. Nationwide made some payments to Commonwealth but refused to pay after February 1985. Kimmel remained disabled until November 1986. As a result of Nationwide's refusal to make the scheduled payments, Commonwealth declared Kimmel's loan to be in default and initiated foreclosure proceedings. Kimmel incurred late charges, additional interest charges, court costs, and counsel fees because of the foreclosure proceedings. Kimmel now asks that Nationwide pay these consequential damages in connection with their wrongful denial of coverage.

A preliminary objection in the nature of a demurrer admits as true all well-pleaded facts and all inferences reasonably deducible therefrom. *Rauser v. Pennsylvania Board of Probation and Parole,* 107 Pa. Commw. 216, 528 A.2d 290 (1987). A demurrer can only be sustained if it is certain that the law will not permit recovery. *Larsen v. Philadelphia Newspapers Inc.,* 375 Pa. Super. 66, 543 A.2d 1181 (1988). Any doubt must be resolved in favor of overruling the demurrer. *Horton v. Jefferson County-Dubois Area Vocational-Technical School,* 118 Pa. Commw. 598, 545 A.2d 998 (1988).

The recoverability of consequential damages arising out of an insurer's wrongful refusal to pay benefits has been addressed in numerous jurisdictions, but it has not been considered by Pennsylvania appellate courts. See *Insurer's Liability for Consequential or Punitive Damages for Wrongful Delay or Refusal to Make Payments Due Under*

*Contracts,* 47 A.L.R. 3d 314 (1973). See also, *Giovannitti v. Nationwide Insurance Co.,* 690 F. Supp. 1439 (W.D. Pa. 1988). Courts have reached various conclusions. Recovery may be permitted when the damages suffered are reasonably foreseeable when the insurer breached the contract by not covering the insured. *Aetna Casualty and Surety Company v. Day,* 487 So.2d 830 (Miss. 1986). Recovery may be permitted if the insurer is guilty of bad faith by refusing coverage. *Nicholas v. State Farm Mutual Automobile Insurance Company,* 279 S.C. 336, 306 S.E.2d 616 (1983). Recovery may not be permitted at all for consequential damages. *Gross v. Connecticut General Life Insurance Company,* 390 S.W.2d 388 (Tex. Civ. App. 1965).

Though Pennsylvania courts have not indicated what rule they would apply, we do have the benefit of a federal District Court decision, *Giovannitti v. Nationwide Insurance Company, supra,* that predicts how the Pennsylvania courts would approach the issue. Generally, the court held that consequential damages are not recoverable when an insurer wrongfully denies coverage unless the obligation is to pay money for a special purpose. *Id.* at 1446. There, the plaintiff owned a building that was damaged by fire, and the insurer wrongfully denied coverage. Because the insured was not obligated to repair his property with the insurance proceeds, and, in fact, could have used the proceeds however he wished, the court found that the proceeds were not for a special purpose. Accordingly, the court found that consequential damages in that case were not recoverable.

The court in *Giovannitti* reasoned that denying consequential damages when the obligation to pay money is not for a special purpose prevents insureds from reaping a windfall from the insurance com-

pany. It pointed out that if consequential damages, such as increased repair costs and rental loss due to failure to pay, were awarded, insureds who never intended to repair premises would unjustly benefit from the delay. *Id.* at 1447. We reason, however, that where the proceeds are earmarked for a special purpose, consequential damages are those damages actually suffered as a result of the insurer's breach, and the insurer knows that they will be incurred if he breaches. There is no speculation as to the amount of the damages, or to the existence of the injury. Thus, when money due on the contract is for a specific purpose, consequential damages produce no opportunity for a windfall.

It is indisputable that the obligation in the case at hand was to pay money for a specific purpose. Nationwide contracted to pay $283.33 to Commonwealth, on behalf of Kimmel, if he became disabled. Kimmel was clearly an intended beneficiary of the policy. By the terms of the policy, Kimmel would never see the insurance proceeds because their payment was for a single purpose — payment of his mortgage debt. In no circumstance could Kimmel or Commonwealth divert the proceeds to anything other than payment of the mortgage debt. Thus, the policy issued by Nationwide was for a special purpose. We find, therefore, that plaintiff maintains a legally cognizable cause of action for consequential damages arising as a result of defendant's wrongful denial to pay his mortgage debt during his period of disability.

## ORDER

And now, May 24, 1989, the preliminary objections of defendant, in the nature of a demurrer, are overruled.