## Hornberger v. Hommel

*Neil J. Rovner,* for plaintiff.
*Robert L. Walsh,* for defendants.

BROMFIELD, *J.,* April 25, 1990 — The complaint in this case alleges that plaintiff was injured in an automobile accident through the negligence of one of the defendants, Todd Hommel. Plaintiff has alleged direct negligence by Todd in the causation of the accident, and negligent entrustment against the mother of Todd Hommel, Irene Hommel, for allowing Todd to be driving the vehicle owned by her. To the count of negligent entrustment, defendant mother has filed preliminary objections in the nature of a demurrer. Those preliminary objections are before the court.

The complaint alleges, at paragraphs 31 and 32, that Irene Hommel knew or should have known of Todd's inexperience in operating a motor vehicle

(Todd was a minor at the time of the accident) and further that she knew or should have known of his habitual driving in a careless and reckless manner. The complaint does not allege any factual foundation for the imputation of knowledge to the mother of the minor driver. The mother has demurred, challenging that allegation as insufficient to support the theory of negligent entrustment.

Thus the legal issue: Is an allegation of assumed knowledge sufficient to preserve the cause of action from the challenge of a demurrer? For reasons which follow, the court has determined that such an allegation, without more, is a legal rather than a factual conclusion, and insufficient to preserve the theory of negligent entrustment.

The principles for ruling on the demurrer are not in dispute by either counsel. The demurrer admits all relevant facts sufficiently pleaded and all inferences fairly deducible therefrom, but does not admit conclusions of law. In order to be sustained, it must appear with certainty that upon the *facts* averred, the law will not permit recovery. Although the amount of facts which must be pleaded cannot be set forth with any precision, at a minimum, the pleader must allege precisely the facts upon which his cause of action is based. In a negligence action, the plaintiff must establish the duty, the breach and the injuries suffered by the plaintiff and the causal nexus. See, e.g., *Pike Cty. Hotels Corp. v. Kiefer,* 262 Pa. Super. 126, 396 A.2d 677 (1978).

The theory of negligent entrustment was recognized by our Supreme Court in *Gibson v. Bruner,* 406 Pa. 315, 178 A.2d 145 (1961). In that case, the son had received permission to use the vehicle, was involved in a drunk driving incident, and the father was named as a defendant. The Supreme Court disallowed the claim against the father, ruling that

the evidence was insufficient to establish liability on the part of the father because the plaintiff could not prove that, *at the time the permission was granted,* the father *knew* that the son "was not in a condition to operate the motor vehicle." The principle was reaffirmed in *Robare v. Pekarcik,* 109 Pa. Commw. 87, 530 A.2d 534 (1987), again holding that the knowledge which is in issue is the knowledge of unfitness *at the time the permission was granted.*

The theory in the instant case is that a generalized knowledge, of inexperience or previous erratic driving, is also sufficient to impute to the owner of the vehicle a responsibility to deny permission of a driver to use the vehicle, even if that driver is licensed and otherwise authorized to use the vehicle. The theory is further attenuated in the instant case by the lack of any specific facts upon which the generalized knowledge is presumed.

Plaintiff's counsel has contended that such a theory can withstand the initial test of sufficiency because an averment of knowledge is an allegation of fact. That argument presumes that knowledge is the product of sensory observations, and that those sensory observations are more appropriately the subject of discovery and investigation. Defendant's counsel responds that an averment of knowledge is a conclusion of law, and fails to set forth the facts upon which the knowledge is based. Without such a foundation, the allegation that a defendant "knew or should have known" is simply an unsupported conclusion.

The court accepts defendant's argument. If a bald assertion of presumptive knowledge is sufficient, eo ipso, to preserve a cause of action, then *any* allegation would suffice. No facts would need to be alleged to support the theory of negligent entrustment against any parent of an inexperienced driver. All parents are, theoretically, presumed to know

that a recently licensed driver is less experienced. All parents are, theoretically and practically, presumed to know that the increased insurance premium notices they receive relate to the general proposition that younger drivers have increased risks of accidents. All parents could be presumed to know that some level of erratic driving has been demonstrated by young drivers in learning how to drive. All parents would be defendants under a "presumed to know" theory. No such general cause of action has yet been recognized in Pennsylvania. The *Gibson* case both announces the principle of negligent entrustment and circumscribes its application: the knowledge in dispute is incident-specific, not generalized misgivings. *Gibson v. Bruner, supra.*

Finally, the court rejects the argument that an allegation of presumed knowledge is a factual allegation. In *Stempler v. Frankford Trust Co.,* 365 Pa. Super. 305, 529 A.2d 521 (1987), the general allegations in support of the negligent performance of duties included the same phraseology: "knew or should have known." Although ultimately resting its holding on grounds that no duty existed, the Superior Court in its analysis addressed the factual predicates for the presumed knowledge, stating that there were no facts which described the manner or time or extent of the discharge of the underlying obligations.

For the reasons set forth above, the preliminary objections of defendant Irene Hommel will be granted.

## ORDER

And now, April 25, 1990, for the reasons set forth in the foregoing opinion, the preliminary objections in the nature of a demurrer are sustained and the claim against Irene Hommel, defendant, dismissed.