J-E03002-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| LOUIS J. DOMIANO, JR. AND DEBRA DOMIANO, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| PENN SECURITY BANK, SUCCESSOR BY MERGER TO OLD FORGE BANK, | |
| Appellee | No. 628 EDA 2013 |

Appeal from the Order Entered January 29, 2013
In the Court of Common Pleas of Monroe County
Civil Division at No(s): 2160-CV-2012

| | |
|---|---|
| LOUIS J. AND DEBRA DOMIANO, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| PENN SECURITY BANK, SUCCESSOR BY MERGER TO OLD FORGE BANK, | |
| Appellee | No. 643 MDA 2013 |

Appeal from the Order Entered March 12, 2013
In the Court of Common Pleas of Lackawanna County
Civil Division at No(s): 1703 CV 2012

BEFORE: BENDER, P.J.E., BOWES, PANELLA, DONOHUE, SHOGAN, ALLEN, LAZARUS, WECHT, and STABILE, JJ.

MEMORANDUM BY BOWES, J.: **FILED NOVEMBER 24, 2014**

This is a consolidated appeal by Louis J. and Debra Domiano ("the Domianos") from orders sustaining demurrers and dismissing their

complaints in two breach of contract/quasi-contract actions that were filed in actions instituted in two different counties. The actions are identical except for the real estate collateral located in the respective counties.[1] We affirm.

We discern the following facts from the complaints filed by the Domianos. The Domianos were "debtors" in a Chapter 11 bankruptcy proceeding filed in the United States Bankruptcy Court for the Middle District of Pennsylvania. On June 15, 2010, the bankruptcy court approved a settlement agreement between the Domianos and Penn Security Bank ("the Bank"), successor by merger to Old Forge Bank; a copy of the agreement was appended to the complaints. By its terms, the settlement agreement imposed several conditions upon the Domianos before any performance would be required of the Bank. The Domianos were to provide a written commitment of financing sufficient to satisfy the remainder of their obligation to the Bank within sixty days of the date of the settlement agreement. In addition, within 120 days, the Domianos were obligated to pay $145,000 to the Bank. If the Domianos fulfilled both conditions, Penn Security would release a Scranton property from two mortgages, discontinue a Lackawanna County foreclosure action, and return the consent to entry of judgment and deed to the Domianos. Failure of the Domianos to tender the

_____

[1] The parties were represented by the same respective counsel in both the Monroe County and Lackawanna County actions, which explains the identical pleadings.

written commitment within sixty days or pay the property settlement amount within 120 days constituted default. Settlement Agreement, 6/15/10, at 3-7.

The Domianos filed the instant complaints in contract and quasi-contract against the Bank for breach of the settlement agreement. They alleged that they complied with "all material aspects of the agreement and delivered a mortgage commitment letter to the Defendant." Complaints, at ¶6. They averred further that the mortgage commitment letter was attached to each complaint as Exhibit C. *Id*. Exhibit C is correspondence dated August 18, 2010, from E. Robert Blank, President of Penn Business Credit, LLC., but unsigned by Mr. Blank. Specifically, the letter sets forth proposed terms for financing, but the signature line for Mr. Domiano reflecting that the terms were agreed to and accepted is blank. In addition to the signature, acceptance required payment of $10,000. The proposal expired on August 27, 2010.

In the Monroe County lawsuit, the Domianos maintained that they had met the conditions and that the Bank was in breach of the settlement agreement because it refused to execute and deliver a deed to the Monroe County property. They asked the court to order the Bank to execute the deed and sought damages in excess of $100,000 for lost income from the non-returned property. Complaint, 4/23/12, at 2.

The Bank filed preliminary objections in the nature of a demurrer pursuant to Pa.R.C.P. 1028(a)(4), and a brief in support thereof, alleging that the complaints, together with the appended unsigned documents, were legally insufficient to state a claim for breach of contract or quasi–contract. The Bank argued that the unexecuted writings relied upon by the Domianos and their failure to attach a copy of the $10,000 check and the countersigned letter to the complaint were legally insufficient to establish that the Domianos had secured a financing commitment from Penn Business Credit, which was a condition of the settlement agreement.

The Domianos filed answers to the preliminary objections and asserted that the Bank was in possession of the signed documents, had acknowledged same, and that an additional production of the executed documents would constitute the pleading of evidence. Answer to Preliminary Objections, 10/12/12, at ¶¶ 7, 11. The Domianos did not amend their complaint as of right or seek leave to amend their complaint to attach a signed copy or to plead additional facts to cure any deficiencies.

Following oral argument on the preliminary objections in Monroe County, the trial court issued its January 29, 2013 order and opinion sustaining the Bank's demurrer and dismissing the Domianos' complaint with prejudice. The court found that, even if a copy of the executed letter had been appended to the complaint, the complaint could not survive a demurrer since the letter, in order to constitute a commitment, had to be both signed

by Mr. Domiano and returned with a check for $10,000. The Domianos did not attach a copy of the check or allege that they had tendered the $10,000 payment to Penn Business Credit. Furthermore, the letter/proposal was dated beyond the sixty-day period for performance under the settlement agreement.

In the Lackawanna County case, the parties, causes of action, claims, and requested relief were identical with respect to the collateral involved. Preliminary objections in the nature of a demurrer were pending in that action when the Monroe County order sustaining the demurrer was entered. Therein, the Bank filed a supplemental brief asking the trial court to take judicial notice of the January 19, 2013 Monroe County order and opinion. The Lackawanna County court heard oral argument on the preliminary objections on March 11, 2013, and sustained the demurrer, concluding that the claims, causes of action, and identities of the parties and their capacities were identical to those in the Monroe County action, and that the prior decision constituted *res judicata.*

The Domianos timely appealed from both adverse rulings and this Court, at the request of the Bank, consolidated them. The Domianos raise three issues for our review:

  I. Whether the courts below properly considered a demurrer which did not raise the issue on which the court based its conclusion?

  II. Whether the courts below properly concluded that no cognizable action did exist or could have been pleaded?

III. Whether the courts below improperly refused to permit an amended complaint?

Appellants' brief at 4.

In reviewing a trial court order overruling or sustaining preliminary objections, we must

> "determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court." **De Lage Landen Fin. Servs., Inc. v. Urban P'ship, LLC**, 2006 PA Super 169, 903 A.2d 586, 589 (Pa. Super. 2006).
>
> > "Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint." When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.
>
> **Hykes v. Hughes**, 2003 PA Super 397, 835 A.2d 382, 383 (Pa.Super. 2003) (citations omitted).

**Haun v. Cmty. Health Sys.**, 14 A.3d 120, 123 (Pa.Super. 2011).

The Domianos' arguments pertain to both cases. For convenience, we will reference the Monroe County pleadings and briefs in addressing them. At the outset, the Domianos claim that the trial court "sustained an unasserted demurrer." Appellants' brief at 18. They allege that the only basis for relief the Bank asserted in its preliminary objections was a lack of

capacity to sue, which should have been raised via new matter. Appellants' brief at 11.

We find the Domianos' position to be somewhat disingenuous. In their brief in opposition to the preliminary objections, they acknowledged that the Bank was seeking a demurrer and argued that the complaint was legally sufficient. *See* Memorandum of Law of the Plaintiffs in Opposition to the Preliminary Objections of the Defendant, 12/31/12, at 5-7. Our review of the preliminary objections confirms that the Bank articulated that the Domianos' complaint was legally insufficient because the allegations, together with the unexecuted supporting documents, failed to state a claim for breach of contract or quasi-contract. Such allegations constitute a demurrer. While the Bank also asserted a lack of capacity to sue, that was not the ground upon which relief was afforded. This issue is without merit.

The Domianos next contend that they alleged in their complaint at "paragraph 6" that "the fully executed documents had been delivered to the counsel for the Bank." *See* Appellants' brief at 10. We find this to be a misrepresentation of the averments of the complaint. The Domianos actually pled that they "complied with all material aspects of the [settlement] agreement and delivered a mortgage commitment letter to the Defendant[,]" a copy of which was attached as Exhibit C.[2] Exhibit C was a

---

[2] The Bank argued below that the Domianos were in default of the settlement agreement when they received the financing proposal dated
*(Footnote Continued Next Page)*

copy of an unexecuted letter from Penn Business Credit setting forth the terms of a financing proposal. In order to proceed, Mr. Domiano was required to sign the letter on the line evidencing acceptance and return the signed letter with a $10,000 check to Penn Business before August 27, 2010. The Domianos did not attach a copy of the signed letter or the check, nor offer any explanation in their complaint why they could not do so. *See* Pa.R.C.P. 1019.[3] Hence, we conclude that the Bank's preliminary objections sufficiently pled the basis for a demurrer, *i.e.*, that the allegations of the complaint and supporting documents were legally insufficient to state a claim for breach of the settlement agreement.

In their answer to the preliminary objections, the Domianos asserted that they had provided copies of the executed proposal to the Bank. However, the Bank denied this averment in its reply brief. The Domianos contend that the trial court, in sustaining the demurrer, impermissibly

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯

August 18, 2010, since more than sixty days had elapsed from the June 15, 2010 approval of the settlement agreement by the Bankruptcy Court.

[3] The Domianos assert in their brief to this Court that, "It would be a needless redundancy to require the Domianos to annex documents long since in the possession of the Bank and even drafted by the Bank counsel." Appellants' brief at 11. Although the Domianos do not identify the documents to which they refer, the only documents alleged to be missing were an executed copy of Exhibit C, the letter/proposal ostensibly authored by Mr. Blank of Penn Business Credit, LLC, and a copy of the $10,000 check required for acceptance. Pa.R.C.P. 1019(i) requires the pleader to attach a copy of any writing upon which the claim or defense is based, or, if the writing is not accessible, to so state and provide the reason why it is inaccessible. The Domianos did not comply with this requirement.

looked outside the pleadings and credited the Bank's representation that it did not have a signed copy of the commitment letter.

We disagree. The Monroe County trial court looked solely to the pleadings and attachments in sustaining the demurrer. Initially, the court observed that the letter from Penn Business Credit was dated more than sixty days after the settlement agreement and agreed with the Bank that the Domianos were in default of the provision requiring that a financing commitment be provided to the Bank within sixty days. Furthermore, the court concluded that Exhibit C was merely a financing proposal from Penn Business Credit LLC, not a commitment, and that financing would only "be provided upon execution of all required loan documents and the payment of specified fees in connection with your transaction." Trial Court Opinion, 1/29/13, at 5 (quoting Exhibit C). The proposal provided further that, if the Domianos "would like to proceed[,]. . . please countersign this term sheet where indicated below and return it by overnight mail together with your check in the amount of $10,000.00" *Id*. (quoting Exhibit C). Exhibit C was not signed.

Furthermore, the court found that even if Exhibit C had been countersigned by Mr. Domiano, the complaint could not survive the demurrer. The court agreed with the Bank that, since the Domianos did not append to the complaint a copy of a check for $10,000, a demurrer was proper. In short, the Domianos failed to plead facts and supply documents demonstrating that they had timely secured the financing commitment that

was one of the conditions precedent to the Bank's performance under the settlement agreement. We find no error or abuse of discretion on the part of the trial court in sustaining the demurrer.

The Domianos complain on appeal that the trial court should have permitted them to amend their complaint. The Bank counters that the Domianos have waived any right to challenge the trial court's decision to sustain the demurrer with prejudice, *i.e.*, without leave to amend, since they failed to seek leave to amend below. In addition, the Bank directs our attention to ***Stempler v. Frankford Trust Company***, 529 A.2d 521 (Pa.Super. 1987), where we held on similar facts that it was not an abuse of discretion to dismiss the complaint without an opportunity to amend where an amendment would have been futile.

We note first that the Domianos were permitted to amend their complaint as of course within twenty days of the filing of the preliminary objections, but opted not to do so. ***See*** Pa.R.C.P. 1028(c)(1). Furthermore, the record reveals that the Domianos never filed a motion with the trial court seeking leave to amend with a proposed amended complaint attached thereto. ***See*** Pa.R.C.P. 1033. There is no indication that they asked for leave to amend at oral argument on the preliminary objections. In their brief in opposition to preliminary objections, the Domianos did not even suggest that they could amend the complaint to cure any alleged deficiencies. Instead, the Domianos steadfastly maintained that, "the complaint adequately sets forth what events took place and beyond

[that] . . . a copy of the document was annexed to the complaint." Memorandum of Law of the Plaintiffs in Opposition to the Preliminary Objections of the Defendant, 12/31/12, at 4.

Thus, the Domianos failed to preserve this issue for appeal by neglecting to raise it in the trial court. *See* Pa.R.A.P. 302(a). However, waiver aside, they are not entitled to relief. We recognized in ***Harley Davidson Motor Co., Inc. v. Hartman***, 442 A.2d 284, 286 (Pa.Super. 1982), that there are cases "where it is clear that amendment is impossible and where to extend leave to amend would be futile." The Bank is correct that, in those instances, it is not an abuse of discretion for the court to dismiss the complaint upon a demurrer. ***In re Estate of Luongo***, 823 A.2d 942, 969 (Pa.Super. 2003).

The Monroe County trial court concluded that amendment would have proved futile because no cause of action for breach of contract or quasi-contract would lie. Trial Court Opinion, 1/29/13, at 6. The court found it evident from the face of the complaint that the Domianos did not comply with the terms and conditions of the settlement agreement by timely procuring a financing commitment with Penn Business Credit, which was a condition precedent to the Bank's performance pursuant to the settlement

agreement.[4]  Thus, no action for breach of contract could be maintained against the Bank.  We agree that no amendment could cure this deficiency.

For the foregoing reasons, we find no error or abuse of discretion on the part of the Monroe County trial court in sustaining the demurrer and dismissing the complaint with prejudice.  The Domianos do not challenge on appeal the *res judicata* effect afforded that decision by the Lackawanna Court of Common Pleas in the action pending before it, and hence, we affirm that order as well.  **See Robinson Coal Co. v. Goodall**, 72 A.3d 685, 689 (Pa.Super. 2013) ("Application of the doctrine of res judicata as an absolute bar to a subsequent action requires that the two actions possess the following common elements: '(1) identity of the thing sued upon; (2) identity of the cause of action; (3) identity of the parties; (4) identity of the capacity of the parties.'").

Orders affirmed.

---

[4]  The trial court also noted that the Domianos did not plead that they had tendered $145,000 to the Bank within 120 days of the date of approval of the settlement agreement, another condition to the Bank's performance under the settlement agreement.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/24/2014</u>