IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard Neil Gaynor,                        :
                    Petitioner              :
                                            :     No. 272 C.D. 2020
            v.                              :
                                            :     Submitted:  October 9, 2020
Pennsylvania Parole Board,                  :
                    Respondent              :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE J. ANDREW CROMPTON, Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                               FILED:  January 15, 2021


            Richard Neil Gaynor (Gaynor) petitions for review from an undated adjudication of the Pennsylvania Parole Board that denied his administrative requests to reconsider the Board's January 7, 2013 and July 14, 2017 decisions that revoked his parole and recommitted him, in both instances, as a convicted parole violator (CPV). The Board denied Gaynor relief, concluding that he filed unauthorized, additional appeals from its previous adjudications.  We affirm.

            The relevant facts and procedural history of this case are as follows.  On October 10, 2007, Gaynor pled guilty to two counts of criminal mischief and one count of theft by movable property.  On that same date, a court of common pleas sentenced Gaynor to an aggregate term of one and a half to six years' imprisonment.  At this point

in time, Gaynor's original minimum and maximum sentence dates were December 9, 2009, and June 9, 2017, respectively. (Certified Record (C.R.) at 1-3.)

On October 2, 2009, the Board granted Gaynor parole, and he was released to a home plan on January 4, 2010. While Gaynor was on parole, the police arrested him on January 22, 2012, and, on that same date, the prosecuting authorities charged Gaynor with criminal trespass, theft by unlawful taking, receiving stolen property, and false identification to law enforcement. On September 6, 2012, Gaynor pled guilty to criminal trespass and receiving stolen property and, on November 19, 2012, a court of common pleas sentenced him to one to five years' imprisonment at a State Correctional Institution (SCI). After Gaynor waived his rights to counsel and a revocation hearing and conceded that he was convicted of the crimes that he committed while on parole, the Board issued a decision recorded on January 7, 2013, recommitting Gaynor as a CPV to serve six months' backtime and extending his maximum sentence date to June 5, 2020. In this decision, the Board did not award Gaynor any credit for time spent at liberty on parole. (C.R. at 57-60, 68-72, 89-91.)

On October 10, 2013, and December 18, 2013, Gaynor sent correspondences to the Board, attempting to challenge the Board's January 7, 2013 decision. By decision mailed April 23, 2014, the Board dismissed Gaynor's appeals as untimely because they were not filed within 30 days of the January 7, 2013 decision. (C.R. at 97-102.)

On September 15, 2014, the Board reparoled Gaynor and he was released to a home plan on October 26, 2014. Subsequently, the Pennsylvania State Police arrested Gaynor on June 9, 2015, for new criminal charges and he pled guilty to a summary offense of retail theft. The Board did not lodge a warrant to commit and detain against Gaynor and, on July 1, 2015, Gaynor was released from prison. On May

2

9, 2016, Gaynor was arrested for violating the technical conditions of his parole. After Gaynor waived his rights to a violation hearing and counsel and admitted that he violated his parole conditions, the Board decided not to recommit him and remanded him to a parole violator center to complete a program. On July 9, 2016, Gaynor successfully completed the program, and the Board reparoled him. (C.R. at 121-35.)

On September 18, 2016, while Gaynor was on re-parole, the police arrested him for new criminal charges. On December 16, 2016, the police also arrested Gaynor for new criminal charges. On March 27, 2017, Gaynor pled guilty to retail theft, access device fraud, and receiving stolen property. On May 11, 2017, a court of common pleas sentenced Gaynor to an aggregate term of 15 months to 3 years and 4 months' incarceration. (C.R. at 156, 159-67.)

On April 10, 2017, the Board provided Gaynor with a notice of charges and of its intent to hold a revocation hearing. On that same day, Gaynor waived his rights to a revocation hearing and to counsel and he conceded that was convicted of the crimes that he committed while on parole. By decision mailed July 14, 2017, the Board recommitted Gaynor as a CPV to serve nine months' backtime and extended his original maximum sentence date from June 5, 2020, to May 16, 2023. In this decision, the Board did not award Gaynor any credit for time spent at liberty on parole. (C.R. at 168-75, 205-08.)

Thereafter, Gaynor did not file an administrative appeal with the Board within 30 days of the July 14, 2017 decision. Instead, on February 5, 2018 and February 20, 2018, Gaynor filed administrative remedies forms with the Board, contending, *inter alia*, that he was entitled to additional sentencing credit. By response mailed May 11, 2018, the Board determined that Gaynor's administrative remedies

3

forms were appeals from its July 14, 2017 decision and dismissed them as untimely. (C.R. at 212-24.)

On October 21, 2019, February 6, 2020, and March 6, 2020, Gaynor filed "Applications for Reconsideration," arguing, *inter alia*, that the Board should reconsider its January 7, 2013 and July 14, 2017 decisions based on *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466, 469 (Pa. 2017), and the fact that our General Assembly amended the Prisons and Parole Code (Parole Code)[1] and added section 6138(a)(2.1) in 2012, the Act of July 5, 2012, P.L. 1050, 61 Pa.C.S. §6138(a)(2.1). (C.R. at 249-64.)

In an undated decision, the Board determined that it had already issued final adjudications with respect to its January 7, 2013 and July 14, 2017 decisions. Citing 37 Pa. Code §73.1, the Board noted that its "regulation authorizing administrative relief does not permit additional appeals after the Board issues a final adjudication." (C.R. at 265.) The Board further determined that Gaynor failed to establish that he had a right to reconsideration of its final adjudications. As such, the Board concluded that Gaynor was not entitled to relief.

Gaynor then filed a petition for review in this Court.[2] He argues that, although his "Applications for Reconsideration" were filed untimely, he was entitled to an exception pursuant to our decision in *Threats v. Pennsylvania Board of Probation and Parole*, 518 A.2d 327 (Pa. Cmwlth. 1986), *rev'd on other grounds*, 553 A.2d 906 (Pa. 1989). Gaynor further contends that *Pittman* enunciated a new rule of law and,

---

[1] 61 Pa. C.S. §§101-7123.

[2] Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with the law, and whether necessary findings were supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. §704; *Hughes v. Pennsylvania Board of Probation and Parole*, 179 A.3d 117, 119 n.1 (Pa. Cmwlth. 2018).

because he is entitled to the benefit of that decision, *Pittman* should be applied retroactively.

By way of background, prior to the 2012 amendment and addition of section 6138(a)(2.1) to the Parole Code, section 6138(a)(2) of the Parole Code mandated, without exception, that a CPV "be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and shall be given no credit for the time at liberty on parole." 61 Pa.C.S. §6138(a)(2). In other words, the Board did not have any discretion to grant a parolee credit for time spent at liberty on parole. However, in enacting section 6138(a)(2.1), the General Assembly, "for the first time in the history of the [p]arole [s]tatutes, vested the Board with discretion to grant a CPV with credit for time spent at liberty on parole." *Penjuke v. Pennsylvania Board of Probation and Parole*, 203 A.3d 401, 408 (Pa. Cmwlth. 2019) (*en banc*).[3] In *Pittman,* the Supreme Court determined that section 6138(a)(2.1) "clearly and unambiguously grants the Board discretion to award credit to a CPV recommitted to serve the remainder of his sentence." *Id.* at 473. In interpreting this statute, the Supreme Court further concluded that "the Board must provide a contemporaneous statement explaining its reason for denying a CPV credit for time spent at liberty on parole" in order to effectuate the intent of the General Assembly in enacting section 6138(a)(2.1). *Pittman*, 159 A.3d at 475.

In *Threats*, this Court generally held that the Board may consider an untimely application for reconsideration when the petitioner demonstrates that there has been a subsequent change in the law that should be applied retroactively to produce a different result from the Board's disposition of the original appeal. *See id.* at 328;

---

[3] In relevant part, section 6138(a)(2.1) states: "The [B]oard may, in its discretion, award credit to a parolee recommitted [as a CPV] for the time spent at liberty on parole," unless the parolee commits a crime enumerated in the statute. 61 Pa.C.S. §6138(a)(2.1).

*see also Flowers v. Pennsylvania Board of Probation and Parole*, 565 A.2d 185, 186 (Pa. Cmwlth. 1989). However, in order for a legal principle to receive retroactive application, there must, first and foremost, be a "new rule of law" that is announced *after* the appeal period of the Board's decision. *See Office of Disciplinary Counsel v. Surrick*, 749 A.2d 441, 444 (Pa. 2000); *Anderson v. Talaber*, 171 A.3d 355, 361 (Pa. Cmwlth. 2017). In other words, if the "law" was available and could have been raised as a legal issue in the original appeal to the Board, then the petitioner had an adequate remedy in his initial request for administrative relief and, as such, cannot thereafter mount a collateral attack on the first appeal. *See Flowers*, 565 A.2d at 186; *see also* 37 Pa. Code §73.1(a)(4); *Williams v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 638 C.D. 2015, filed June 6, 2016) (unreported), slip op. at 6-7.[4]

In *Anderson*, this Court explained:

> **In cases where the Supreme Court is construing a statute**, a new rule of law is not created where the decision adopts a view of the statute which was not wholly without precedent or it involves the Court's first opportunity to construe the provision at issue. In cases where the Supreme Court is issuing its first ruling interpreting the specific statute, **the Court's first pronouncement on the substance of a statutory provision is purely a clarification of existing law and the construction of the statute by the Court becomes a part of that statute from its enactment**.

*Anderson*, 171 A.3d at 361-62 (emphasis added; internal citations and quotation marks omitted).

The *Anderson* Court further commented:

> In *Pittman,* the Supreme Court addressed the statutory language of [s]ection 6138(a)(2.1) of the [Parole] Code which provides that the Board "may, in its discretion, award

---

[4] We cite *Williams* for its persuasive value in accordance with section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

> credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole" except where a parolee commits a crime of violence, a crime that requires registration as a sexual offender or where he is paroled subject to a federal removal order. The Supreme Court had never before interpreted paragraph 2.1 of [s]ection 6138(a), which was added to the [Parole] Code in 2012 . . . .
>
> **Because our Supreme Court's ruling in *Pittman* was the Court's first ruling on the issue, it was not a new rule of law** which could be applied only prospectively for cases brought after the date of that decision **and instead clarified the legislative meaning of paragraph 2.1 existing from the date it was first added to the [Parole] Code in 2012**.

*Anderson*, 171 A.3d at 362 (emphasis added).

Here, Gaynor seeks reconsideration of the Board's revocation and recommitment decisions of January 7, 2013, and July 14, 2017. However, "[s]ection 6138(a)(2.1) became effective on September 4, 2012, and applies to any CPV recommitment decisions on or after that date." *Penjuke*, 203 A.3d at 407 n.8. Importantly, the Board issued its decisions after the effective date of section 6138(a)(2.1), and the statutory construction holding in *Pittman* is deemed to have been part of the statute since its effective date. Thus, Gaynor could have raised the issue presented and resolved in *Pittman* during the administrative appeal process through the Board and, as such, he "had an adequate remedy in his initial request[s] for administrative relief." *Flowers*, 565 A.2d at 186. However, Gaynor did not assert a *Pittman*-type argument during the appeal processes that were available to him in connection with his recommitments as a CPV. It is well settled that a petitioner "cannot pursue in a subsequent appeal matters in which he or she could have pursued in a prior appeal." *Williams*, slip op. at 7 (parenthetically quoting *Hawk v. Eldred Township Board of Supervisors*, 983 A.2d 216, 223 (Pa. Cmwlth. 2009)); *see* 37 Pa. Code

§73.1(a)(4) ("Second or subsequent appeals . . . will not be received."). That is the controlling principle of law in this case.

Therefore, having determined that our Supreme Court's decision in *Pittman* did not provide Gaynor with a legal basis to receive reconsideration of his recommitment decisions under *Threats*, and that his requests for reconsideration were therefore impermissible secondary or additional appeals that sought to raise issues that could have been raised in the initial appeals, we conclude that the Board did not err in denying Gaynor's present "Applications for Reconsideration." Accordingly, we affirm the Board's decision.

_____
PATRICIA A. McCULLOUGH, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard Neil Gaynor,              :
          Petitioner      :
                           :   No. 272 C.D. 2020
          v.               :
                           :
Pennsylvania Parole Board,     :
          Respondent   :

## *ORDER*

AND NOW, this 15th day of January, 2021, the undated decision of the Pennsylvania Parole Board denying the "Applications for Reconsideration" filed by Richard Neil Gaynor, as discussed in this opinion, is hereby AFFIRMED.

_____
PATRICIA A. McCULLOUGH, Judge